[No. 11641.   In Bank. — January 25, 1887.]

# E. COMSTOCK, APPELLANT, v. COUNTY OF YOLO, RESPONDENT.

ROAD TAX — MODE OF PROCEDURE FOR LEVYING — BOARD OF SUPERVISORS MAY ADOPT SUITABLE MODE. — Under section 25 of the County Government Act, the board of supervisors of a county has power to adopt any suitable mode of procedure for submitting to the qualified electors of a road district a proposition to levy a special tax for road purposes, and may adopt the assessment made for state and county purposes as the basis upon which to levy the tax.

APPEAL from a judgment of the Superior Court of Yolo County.

The facts are stated in the opinion.

*A. L. Hart*, for Appellant.

*Frank S. Sprague*, for Respondent.

BELCHER, C. C. — This is an action to recover a sum of money which was paid by plaintiff, under protest, to prevent the sale of his property in satisfaction of an alleged illegal tax.

The appeal is by the plaintiff from a judgment in favor of defendant, and rests upon the judgment roll.

The tax in question was levied in pursuance of the supposed authority given by the County Government Act, which provides: "The boards of supervisors in their respective counties have jurisdiction and power, under such limitations and restrictions as are prescribed by law, to lay out, maintain, control, and manage public roads . . . . within the county; to levy taxes upon the taxable property of their respective counties for all county purposes, and also upon the taxable property of any district for the construction and repair of roads and highways and other district purposes; *provided,* that no tax shall be levied upon any district until the proposition to levy the same has been submitted to the qualified elec-

tors of such district and received a majority of all the legal votes cast upon such proposition; and to do and perform all other acts and things required by law not in this act enumerated, or which may be necessary to the full discharge of the duties of the legislative authority of the county government." (County Government Act, sec. 25, cl. 1, subd. 4, 13, 35; Statutes and Amendments to Codes, 1883, p. 304.)

On the twenty-eighth day of August, 1884, the board of supervisors of Yolo County, by a resolution duly passed and entered upon its minutes, ordered that a proposition to levy a tax upon the taxable property of road district No. 1 in that county, for the construction and repair of roads and highways therein, sufficient in amount to raise the sum of nine thousand dollars, and to be levied according to the value of the property as shown by the assessment roll of the county for that year, be submitted to the qualified electors of the district at an election to be held for that purpose on the thirteenth day of September, 1884. By the resolution, polling-places were duly fixed, inspectors and judges of the election were appointed, and the clerk of the board was ordered to issue a proclamation, under his hand and the seal of the board, calling an election in accordance therewith, and to cause a copy of such proclamation to be published in the Woodland Daily Democrat, a newspaper published in the county, and to be posted at each place fixed for holding the election, for at least ten days before the day of said election.

In pursuance of the resolution, the clerk of the board issued a proclamation, setting forth all the matters required in due and proper form, and caused the same to be published and posted as directed.

At the time named an election was held and a majority of all the legal votes cast upon the proposition were in favor of levying the said tax.

The returns of the election were duly **made to** and canvassed by the board of supervisors on the sixth day

of October, 1884, and thereupon the board, finding that a majority of all the votes cast were in favor of the tax, proceeded to levy the same.  It was ascertained by computation that to raise the sum of nine thousand dollars on the taxable property of the district, as shown by the county assessment roll for that year, would require the rate of taxation to be eighty-seven cents on the one hundred dollars, and the board then, by its order, duly fixed and determined upon that as the rate.  The county auditor then computed the tax at the rate named upon all the taxable property of the district, and entered the same upon the assessment roll of the county, the tax so entered against the plaintiff being $35.30.

It is now contended on the part of the appellant that the tax was illegal and void, because, first, there was no provision made by law for the submission to the qualified electors of a road district of a proposition to levy a special tax for road purposes, and no election for any purpose can be held unless the time and manner of calling and holding it have been authoritatively designated in advance, either by law or by some means which the law has prescribed; and second, the board of supervisors had no authority to adopt the assessment made for state and county purposes as the basis upon which to levy the tax.

It is not denied that the board of supervisors had full power to levy the tax in question, but the contention is that the power could not be exercised, for the want of further legislation prescribing the mode of its exercise.

In the Code of Civil Procedure it is provided that when jurisdiction is conferred on any court or judicial officer, and the course of proceeding is not specially pointed out by the code or the statute, any suitable mode of proceeding may be adopted.  (Sec. 187.)

Under this provision, it has been held that in a proper case the Probate Court may set apart a homestead,

though the manner in which it is to be set apart is not provided by statute. (*Mawson* v. *Mawson*, 50 Cal. 539.)

In the County Government Act, as has been seen, it is provided that the board of supervisors may "do and perform all other acts and things . . . . which may be necessary to the full discharge of the duties of the legislative authority of the county government."

As the levying of the tax in question was one of the "duties of the legislative authority of the county government," we think this provision sufficient to authorize the board to adopt any suitable mode of procedure in making the levy.

It is not questioned that the mode of procedure adopted was suitable and proper, if authorized, and it follows, therefore, that the judgment should be affirmed.

FOOTE, C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.