[No. 13556.    In Bank. — September 28, 1891.]

## THE COUNTY OF SAN LUIS OBISPO, RESPONDENT, *v.* JOHN H. WHITE, APPELLANT.

ROAD TAX — ACTION BY COUNTY — PARTIES. — A county may sue in its own name to recover taxes levied upon a road district.

ID. — SPECIAL TAX FOR CONSTRUCTION OF BRIDGE — ELECTION PROCLAMATION —NEGLECT OF CLERK — ABSENCE OF OFFICIAL SEAL. — When the board of supervisors of a county have made an order, duly entered upon the minutes of the board, that the proposition to levy a special tax upon a road district for the construction of a bridge therein should be voted upon at a special election to be held therein for that purpose at a time specified, in conformity with the general election laws of the state, and that the clerk of the board should issue an election proclamation to that effect, under his hand and the seal of the board, and made an order, not entered upon the minutes, that it should be published in a specified paper, the fact that the clerk, in signing the proclamation to be published, instead of affixing the seal of the board, made a scroll for a seal, in presence of the supervisors, and sent it thus to the required paper for publication, will not defeat the proclamation or vitiate the special election for the tax.

ID. — AUTHENTICATION OF OFFICIAL ACTS OF SUPERVISORS — POWER OF BOARD. —The failure of the clerk properly to authenticate or record the official acts of the board of supervisors does not affect their validity. The power of the board to act exists independently of any action of the clerk, and the validity of an exercise of it does not depend upon the diligence of the clerk.

ID. — ORDER OF PUBLICATION — PAROL EVIDENCE. — The action of the supervisors in ordering the publication of an election proclamation may be proved by oral evidence, if the clerk has neglected to record such action.

ID. — EVIDENCE — CONTENTS OF PROCLAMATION — PRINTED COPY — SECONDARY EVIDENCE — LIMITING EVIDENCE. — Although the printed copy of an election proclamation with the affidavit of publication is not primary evidence of the contents of the original proclamation, yet, since it is admissible to prove the publication of the proclamation, an objection to its admission, upon the ground that absence of the original was not sufficiently accounted for, is properly overruled, if the court is not requested to limit the evidence to the purpose for which it is admissible.

ID. — PAROL EVIDENCE — ORIGINAL PROCLAMATION — FAILURE TO OBJECT. — The contents of the original proclamation are sufficiently proved by the testimony of the clerk of the board of supervisors that he drafted the original of which the printed advertisement held in his hand, which was afterward introduced in evidence, is a copy, if such testimony was received without objection.

ID. — POSTING OF ELECTION PROCLAMATION — DISCRETION OF SUPERVISORS. — It is discretionary with the supervisors to publish the proclamation for a special election for a road tax, or to post the same for a period of not less than five days before the election.

ID. — ASSESSMENT — SEPARATION OF DOLLARS FROM CENTS — SUBDIVISIONAL LINES. — In the assessment of a road tax, the separation of dollars from cents is sufficiently indicated by the usual subdivisional account-book lines between the decimal parts of the dollars and the units and tens of dollars.

ID. — SPECIAL BRIDGE TAX OMITTED FROM TOTAL TAX — SUPPLY OF OMISSION. — Where, in the original assessment roll, a special bridge tax in a road district was not carried to nor entered in the column headed "Total Tax," but the assessment roll showed clearly what the omitted total tax was, the omission may be supplied by the assessor, upon consent in writing of the district attorney, at any time prior to a sale for delinquent taxes.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Venable & Goodchild*, and *W. H. Spencer*, for Appellant.

*J. M. Wilcoxon, Graves, Turner & Graves*, and *F. A. Dorn*, for Respondent.

The COURT. — We are satisfied with the opinion filed in this case on October 2, 1890, and for the reasons therein stated, the judgment, and the order denying defendant's motion for a new trial, are affirmed.

The following is the opinion above referred to, filed October 2, 1890: —

XCI. CAL.—28

GIBSON, C.— Action to recover of the defendant his proportion of a special tax levied in road district No. 2 of San Luis Obispo County, in the year 1888, for the purpose of raising the sum of ten thousand dollars to erect a bridge across the Salinas River, at San Miguel, in said district.   Judgment passed for plaintiff, from which, and an order denying a new trial, the defendant appeals. The appellant's principal points are, that there is no law authorizing respondent to collect the taxes in question by suit, and that the assessment of the taxes was illegal.

1.  The authority for any county, or city and county, to maintain an action in its own name for the recovery of delinquent taxes for any fiscal year, collectible in such county, or city and county, is to be found in the act of April 23, 1880.   (Stats. 1880, p. 136.)   This act, it is to be observed, does not include in express terms a local or special tax; but by the act of March 9, 1883 (Stats. 1883, p. 65), a new section, viz., 3671, was added to the Political Code, which prescribes the basis of taxation, and that "all taxes upon townships, road, school, or other local districts shall be collected in the same manner as county taxes."   The taxes involved here were levied upon a road district, therefore they can be recovered in the same manner as county taxes, under the act first above referred to.

2.  The taxes here, appellant claims, were void because, —1. The board of supervisors had no power to levy them; 2. The election upon the proposition to make the levy was void; and 3. They were not entered upon the assessment roll.   That the board of supervisors had ample power to levy the taxes is made apparent from an inspection of the County Government Act of March 14, 1883. (Stats. 1883, p. 299.)   It is therein provided: "The boards of supervisors in their respective counties have jurisdiction and power, under such limitations and restrictions as are prescribed by law, . . . . to levy taxes upon the taxable property of their respective counties for all county purposes, and also upon the taxable property of any district for the construction and repair of

roads and highways, and other district purposes; provided, that no tax shall be levied upon any district until the proposition to levy the same has been submitted to the qualified electors of such district, and received a majority of all the legal votes cast upon such proposition." (Sec. 25, subd. 13.) Highways include bridges. (See Pol. Code, sec. 2618.)

Appellant contends that the election was void because the board of supervisors failed to make, publish, and post a proclamation of the election. " Whenever a special election is ordered by the board of supervisors, they must issue an election proclamation containing the statement provided for in subdivision 1 of section 1054, and must publish and post it in the same manner as proclamations issued by the governor." (Pol. Code, sec. 1056.) That portion of the section referred to, as far as applicable here, provides that such proclamation shall contain a statement of the time of the election; and as to the manner in which proclamations must be made and published by the governor, he is, by section 1053 of the Political Code, required, at least thirty days before a general election, and ten days before a special election, to issue a proclamation, under his hand and the great seal of the state, and transmit copies thereof to the boards of supervisors of the counties in which the elections are to be held. Upon the receipt of such proclamation the board of supervisors may, in case of a general or special election, cause a copy of the same to be published in some newspaper printed in the county, and to be posted at each place of election at least ten days before the election; and in case of a special election to fill a vacancy in the office of state senator or assembly-man, the board of supervisors, in their discretion, may cause a copy of the proclamation to be published or posted in the manner above stated, except it need not be published or posted for a longer period than five days before such election. (Pol. Code, sec. 1055.) The board of supervisors in this case made an order, which was duly entered upon the minutes of the board, that the proposition to

levy a special tax for the construction of a bridge across the Salinas River at the town of San Miguel should be voted upon at a special election to be held for that purpose in road district No. 2, on the 24th of March, 1888, in conformity with the general election laws of the state, and that the clerk of the board should issue an election proclamation to that effect, under his hand and the seal of the board. The board also ordered that the proclamation should be published in a paper known as the San Miguel Messenger. This order was not entered upon the minutes. The clerk of the board wrote, in the presence of the latter, a proclamation embodying the substance of the order for the election, and signed it; but instead of affixing his official seal to it, he made a scroll for a seal, and then sent it to the San Miguel Messenger for publication, in which paper it was published once a week for five consecutive weeks prior to the election. It is objected that the so-called proclamation was not properly authenticated because the seal was omitted, but we do not think that the validity of the acts of the board of supervisors depends upon the care with which they may be authenticated by the clerk of the board. The board undoubtedly had the authority to issue the proclamation, and it ordered that it should issue and be authenticated in a certain manner; but as we have seen, the clerk failed to observe the requirements of the order in one respect. Such a failure, however, could not defeat the proclamation, for, while it is made the duty of the clerk, by subdivision 8, section 20, of the County Government Act, to authenticate with his signature and the seal of the board the proceedings of the board, whenever the same are ordered published, still, an omission to affix the seal cannot defeat any of the actions of the board. Subdivision 9 of the same section requires all ordinances to be authenticated in the same way by the clerk, and to be by him recorded at length in the ordinance-book. Yet it has been held that a failure to so record an ordinance does not affect its validity. (*Irrigation Dist.* v. *De Lappe,* 79 Cal. 358. See also *County*

of *Santa Clara* v. *Railroad Co.*, 66 Cal. 644, in which it was held that the validity of an ordinance imposing county licenses, which had been properly passed by the board of supervisors, was not affected by the omission of the clerk to add the seal of the board to the record of it in the ordinance-book.)  Besides, in the present case, as far as the electors of the district were concerned, the proclamation as published was complete as to them, as the scroll which appeared thereon in place of the seal was all that could appear, even if the seal had been affixed to the original.

The objection to oral evidence of the order of publication of the proclamation was properly overruled.  It is true, the order, as part of the proceedings of the board, should have been entered upon the minutes, the same as the order for the election and the issuance of the proclamation, which was made at the same time.  But, as appears by the case last referred to, the failure of the clerk to record an ordinance will not defeat it, neither do we think the failure to enter the order in this case precluded proof of it by oral evidence.  The power of the board to act exists independently of any action of the clerk, and the validity of an exercise of it does not depend upon the diligence of the clerk.  Were it otherwise, the clerk would have it in his power to, either by carelessness or design, defeat any of the actions of the board.

It is further objected that proof of the contents of the proclamation could not be made by the published copy, because the absence of the original was not sufficiently accounted for.  This objection, as far as it went, was well founded, because there was no showing of any attempt to recover the original proclamation from the printer, to whom it had been sent for publication, nor was it shown that it had been lost or destroyed.  But as the printed copy, with the affidavit of its publication annexed thereto, was relevant and competent to prove the publication of the proclamation (Code Civ. Proc., sec. 2010), and as the court was not requested to limit the evidence

to the purpose for which it was admissible, the objection was properly overruled. (*Williams* v. *Insurance Co.*, 54 Cal. 449.)

Before the proof of publication of the proclamation had been received, the clerk testified, without objection, as follows: "After the making of the order contained in the minutes just read in evidence, I made, in the presence of the board of supervisors, and pursuant to said order, a pencil draught of a notice for publication, of which draught the printed advertisement annexed to the affidavit which I hold in my hand is a copy." Now, taking this testimony in connection with the copy referred to, which we have seen was admissible in evidence, there appears to have been sufficient proof of the contents of the proclamation.

It is argued that as the proclamation was only published in the newspaper, but not posted, the notice intended to be given by it was incomplete. Section 1055 of the Political Code provides that in cases of general or special elections the proclamation may be published and posted; but in cases of special elections to fill vacancies in certain offices, it may be, in the discretion of the board, published or posted for a period of not less than five days before the election. Thus there was one of two methods for the board to adopt in the present case, and they having decided to simply publish it for five weeks before the election, their action must be sustained. (*Comstock* v. *County of Yolo*, 71 Cal. 599.)

It is claimed the tax was not entered upon the assessment roll, because in the column of the assessment roll headed "Road Tax" the amount of such tax upon the real estate was entered as $1200, and upon the personalty as $460, without any mark to indicate the portions intended for cents, instead of as $12.00 and $4.60, respectively. An inspection of the copy of the roll in the transcript shows that there are the usual subdivisional account-book lines between the decimal parts of the dollar and the units and tens of dollars in each instance, so that the value of the sums entered in the decimal column is

plain enough without the word "cents," or the abbreviation thereof, at the top of the column. Since this is so, the point made as to the error committed by the district attorney in granting permission to the assessor to add the abbreviation "cts." at the top of the column, and in the space intended for the decimal portions of dollars, need not be further noticed.

In the original roll the special bridge tax was not carried to nor entered in the column headed "Total Tax"; but after the roll was made up and placed in the hands of the tax collector, no sale for delinquent taxes having been made, the district attorney gave his consent, in writing, to the assessor to enter the said tax in the column last mentioned, whereupon the assessor made the proper entries in that column. This is now urged as error. The total tax appeared in the column headed "Road Tax," and consequently it was clear what the omitted total tax was. It was therefore competent for the district attorney to authorize the assessor to supply the omission, under section 3881 of the Political Code, which provides: "Omissions, errors, or defects in form in any original or duplicate assessment-book, when it can be ascertained therefrom what was intended, may, with the written consent of the district attorney, be supplied or corrected by the assessor at any time prior to the sale for delinquent taxes, and after the original assessment was made."

We do not see any cause for a reversal of the judgment or order appealed from, and therefore advise that they be affirmed.

VANCLIEF, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Rehearing denied.