# GILL v. DUNHAM et al.

## No. 18,145; September 14, 1893.

### 34 Pac. 68.

**Street Improvement—Publication of Resolution.**—Act of March 14, 1889, amending act of March 18, 1885, in relation to improvement of streets, provides (section 3) that before ordering improvements the council shall pass a resolution of intention, which shall be "published and posted for two days in the manner prescribed by section 34." The latter section provides that resolutions required to be published shall be published in a newspaper, etc.; provided, however, that in case there is no newspaper, they shall be posted and kept posted for the same time as required for publication. Held, that a resolution which is published need not also be posted.

**Street Assessment—Compliance With Statute.**—Though acts which the statute requires to be performed before making a public improvement are conditions precedent to the power to levy a tax on the property owners, only a substantial compliance with the statute is required; and the assessment is not vitiated by want of technicality of expression, or precision of statement as to the work, which does not affect the essential object in view.

**Street Improvements—Plans and Specifications.**—Under acts of 1889, page 159, relating to public improvements, and providing that plans and specifications shall be furnished to the city council, if required by it, by the city engineer, but not specifying the mode of requiring them, the fact that they were prepared by the engineer, and were on file, and approved by the council, is sufficient evidence of their authenticity.

**City Council—Notice of Special Meeting.**—Where all the members of the council were present at a special meeting, except one, and a resolution was adopted unanimously, there is no error in admitting testimony of the clerk of the council that he served a proper notice of the meeting on all the members, the notice not having been entered of record.

**Street Assessment.**—In an Action by an Assignee to Enforce an assessment for a public improvement, which was against a certain lot, but to an unknown owner, the fact that the assignment, which describes the lot, also states that the assessment was to a certain person as owner, does not render it inadmissible, as the name of the alleged owner may be rejected as surplusage.

**Street Assessment.—The Lien of an Assessment for a Public improvement** is merely an incident of the demand, and passes with an assignment thereof.

**Trial—Issues.—The Fact That Evidence is Introduced** to contradict a fact alleged in the complaint is immaterial, where the fact is not denied in the answer, as there is no issue on the question.

APPEAL from Superior Court, San Joaquin County; Ansel Smith, Judge.

Action by T. A. Gill against S. Dunham and another to foreclose a lien for a street assessment. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Louttit, Woods & Levinsky for appellants; J. M. Kile and J. A. Plummer for respondent.

SEARLS, C.—This is an action to foreclose a lien for street assessment in the city of Stockton. The plaintiff had judgment as prayed for in his complaint, from which judgment and from an order denying a new trial defendants prosecute this appeal.

A demurrer was interposed by defendants to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action, and upon the further ground that the complaint is uncertain, in that it fails to show that R. R. Ramsbottom ever reassigned to plaintiff his interest in the amount assessed against the land in the complaint described. The complaint avers that the resolution of intention to perform the work in question was duly published in the "Stockton Daily Independent," a newspaper printed, published, and circulated at said city of Stockton, etc., and further avers that it was posted conspicuously on or near the council chamber door of the said council of said city of Stockton, and remained so posted for two days consecutively, etc. The resolution of intention was passed by the said council of the city of Stockton on the 14th of October, 1889, and subsequent to the passage of the act of March 14, 1889, amendatory of the act of March 18, 1885, entitled "An act to provide for work upon streets, lanes, alleys," etc. The question presented by the demurrer relates to the necessity of

posting the resolution of intention or notice thereof in three public places in the city. Section 2 of the amendatory act amends section 3 of the act of 1885, and reads, so far as applicable to the question in hand, as follows: "Sec. 3. Before ordering any work done or improvements made, which is authorized by section 2 of this act, the city council shall pass a resolution of intention which shall be published and posted for two days in the manner prescribed by section 34 of this act." Section 34 reads as follows: "Fourth: The notices, resolutions, orders or other matter required to be published by the provisions of this act and of the act of which this is amendatory shall be published in a daily newspaper in cities where such there is, and, where there is no daily newspaper, in a semi-weekly or weekly newspaper, to be designated by the council of such city, as often as the same is issued, and no other statute shall govern or be applicable to the publications herein provided for; provided, however, that in case there is no daily, semi-weekly or weekly newspaper printed or circulated in any such city, then such notices, resolutions, orders or other matters as are herein required to be published in a newspaper, shall be posted and kept posted for the same length of time as required herein for the publication of the same in a daily, semi-weekly or weekly newspaper, in three of the most public places in such city," etc. This section would seem to imply that notices and resolutions are to be published where there is a newspaper in which to publish them, and, when so published, posting becomes unnecessary, and that the posting referred to in the section is only required where no newspaper is published. If the contention of appellants is correct, and the resolution of intention is required to be posted in all cases, then, under section 34, it would be necessary to post it twice in those instances where there is no newspaper published or circulated in the city. We can scarcely conceive that this result was intended by the legislature, and are of opinion that under section 34 the notice or resolution in question, when duly published in the newspaper, was not required to be posted.

The assignment from plaintiff Gill to Ramsbottom and the reassignment by the latter to the former, as averred in the complaint, are sufficient to reinvest plaintiff with the right to collect, to the money collected, and to its incident—the

lien sought to be declared and enforced in this action. Hence, we are of opinion the demurrer was properly overruled.

It is next objected by appellants that the work provided for in the resolution of intention is not identical with that subsequently ordered done, while that included in the bid of plaintiff, and for which the contract was awarded to him, differs from both. The resolution of intention, among other things, provided for cross-walks laid at the intersection of Church, Sonora and Lafayette streets, culverts constructed at the east side of the intersection of Church street. The resolution ordering the work done called for cross-walks laid as follows: "One on each of the north, west, and south sides of the intersection of Church street, and one on each of the four sides of the intersection of Sonora street and Lafayette street, and a combined culvert and cross-walk on the east side of the intersection of Church street." The bid of plaintiff for the performance of the work included eleven new cross-walks and one culvert, but did not mention specially a combined cross-walk and culvert. The resolution ordering the work follows substantially the resolution of intention. The eleven cross-walks, and the combined culvert and cross-walk, so called—by which we understand a culvert, the top of which was to serve as a cross-walk—constitute the twelve cross-walks spoken of elsewhere, and involve a substantial specification, as in the resolution of intention and resolution for performance of work so required. It is conceded that, where the statute requires a series of acts to be performed before the owners of the property are properly chargeable with the tax, such acts are conditions precedent to the exercise of the power to levy the tax, and all the requirements of the statute must be complied with, or the tax cannot be collected. But, while this is admitted, it is a substantial compliance with the provisions of the law which is required; and, so that such substantial compliance is had, a mere want of technicality of expression or precision of statement which does not affect the essential object in view will not vitiate the proceedings. The award to the contractor by the city council seems to have been regular and in consonance with the resolution, and was the authority to the superintendent of streets, under which he, in his official capacity, entered into the contract; and the contract entered into between the su-

perintendent of streets and plaintiff was for the work described in the resolution ordering the work, which is deemed sufficient.

It is next contended that the plans and specifications introduced in evidence were not prepared by the order of, or under the direction of, the said council of the city, and were not authenticated as being the work of the city surveyor of said city, or under such direction, and were therefore improperly admitted in evidence. The specifications, as offered in evidence, are indorsed as follows: "Plans and specifications for grading, graveling, laying cross-walks and culvert on Aurora street, Nov. 25, 1889. Approved and adopted as submitted and read. [Signed] C. A. Campbell, City Clerk." The third section of the statute (Stats. 1889, p. 159) provides that "plans and specifications and careful estimates of the cost and expenses thereof shall be furnished to said city council, if required by it, by the city engineer of said city." G. A. Atherton, who was called as a witness on behalf of the plaintiff, testified that he was the city surveyor of the city of Stockton, and that he prepared the plans and specifications for this work. The statute does not, in terms, specify the mode by which the city surveyor or engineer shall be required to furnish the plans and specifications for work, nor does it, in terms, require such plans and specifications in all cases, but only "if required by it" (the city council). The fact that the plans and specifications were prepared by the city engineer, were on file, and were approved by the city council, is sufficient evidence of their authenticity.

The time for completion of work under the contract was extended by resolution of the city council, passed at a special meeting called for that purpose, at which meeting one member of the council, to wit, the president thereof, was not present. Notice of the meeting, specifying the time, place, and object thereof, was served upon each member of the board by the clerk, but such notice was not entered of record. Objection was made at the trial to proof of the service of the notice otherwise than by record evidence, and to the ruling of the court permitting such proof. Exception was taken, and the action of the court is assigned as error. The record of the meeting shows that all the members of the city council were present, except Lehe, the president, and that the resolu-

tion extending the time for plaintiff to perform his contract was adopted by the unanimous vote of all the members present. Under these circumstances there was no error in admitting the evidence of C. A. Campbell, clerk of the council, to prove that he served notice of the meeting, specifying the time of meeting, and the object thereof, upon each and every member of the city council: San Luis Obispo County v. White, 91 Cal. 432, 24 Pac. 864, and 27 Pac. 756.

The next point made by appellants relates to the record of the warrant which was recorded and issued to T. A. Gill, plaintiff herein, October 17, 1890, and under the law was to be returned and recorded within thirty days thereafter, and during which time the demand for the payment of assessments listed thereon is required to be made. The complaint avers the issuing and recording of the warrant, with the assessment and diagram attached, and their delivery to plaintiff, the demand thereafter of payment of the sum specified in the warrant as assessed against the lot in question, and that defendant has not paid any part thereof, and that thereafter, within thirty days from the date of said warrant, the same was duly returned to the said street superintendent, with the return indorsed thereon, verified by oath stating the name and character of the demand made, etc., as required by the statute; that thereupon the said street superintendent duly recorded the said return so made by the said warrant in the margin of the record of said warrant, etc. These allegations are not denied by the answer. It follows that the contention of appellants that the demand was made after the return of the warrant is one not in issue in the court below, and upon which no question could properly arise. There was, it is true, testimony introduced tending to show a mistake in the date of the filing of the return, and that, while it purported to have been filed and recorded on the day of its issue, such return was in fact recorded on November 15, 1890. This, however, was of no importance, for the reason, as before stated, there was no issue on that question.

The plaintiff herein, on January 15, 1890, assigned the contract for the performance of the work in question to Robert Ramsbottom. To show a retransfer from the latter

to plaintiff, a reassignment from Ramsbottom to plaintiff was offered in evidence, which, so far as material here, is in the following language: ''I hereby assign to said T. A. Gill all my right and interest in and to the amounts assessed to S. Dunham, for street work, against lots 1, 3, 5, 13, 14, in block 259, east of Center street, in the city of Stockton, and all my right to collect the said amounts so assessed against said Dunham, and all my right to proceed against the said Dunham for the collection of said amounts.'' The introduction of this instrument in evidence was objected to by defendants upon the ground that it does not, upon its face, purport to be an assignment of any cause of action or right of lien against the property described herein, but simply a right to collect certain amounts assessed against said Dunham, and that there are no amounts assessed against said Dunham, and that his name does not appear in the official proceedings herein. Lot No. 1 in block No. 259, east of Center street, in said city of Stockton, referred to in the assignment, is the lot upon which the lien is sought to be foreclosed in this action. It was assessed to ''unknown owner,'' and the name of S. Dunham does not appear in the assessment. It is averred, however, in the complaint; and admitted by the answer, that said Dunham was and is in fact the owner thereof. The name of S. Dunham may be treated as surplusage, and the assignment sufficiently identifies the claim or demand sought to be assigned in the instrument. It would then read as an assignment in and to the amounts assessed for street work against lot 1, etc., in block 259. As the only object is to identify the subject matter embraced within the assignment, the identification is sufficient, whether the name S. Dunham be retained or rejected. The lien was but an incident of the demand, and passed with its assignment.

The motion for nonsuit was properly denied. There was evidence tending to sustain, on the part of the plaintiff, all the issues in the case.

Upon the question of the fulfillment of the contract in the doing of the work, the testimony was conflicting, and the finding of the court, in consonance with the allegations of

the complaint, is amply supported by the evidence. The judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.