ISAAC CHAPEL v. FRANKLIN COUNTY.

FILED MAY 3, 1899. No. 8884.

1. **Review:** INSUFFICIENCY OF PETITION: HARMLESS ERROR. Where a petition fails to state a cause of action and a trial results in a verdict and judgment in favor of the defendant, no error committed by the court in submitting the issues to the jury will warrant a reversal.

2. **Payment of Excessive Taxes:** RECOVERY. One who has paid personal taxes under protest cannot maintain an action to recover back the money so paid on the ground that the levy was made upon an excessive assessment.

3. **Taxation:** EQUALIZATION: RES JUDICATA. Where a party complain-

ing of an excessive assessment presents his grievance to the
county board of equalization, he is conclusively bound by the
order of such board fixing the value of his property for the
purposes of taxation, unless he secures a reversal or modification
of such order by the district court.

ERROR from the district court of Franklin county.
Tried below before BEALL, J.  *Affirmed.*

*E. A. Fletcher*, for plaintiff in error.

*O. T. Patterson, contra.*

SULLIVAN, J.

This action was brought by Isaac Chapel to recover
from Franklin county the sum of $103.30 paid under pro-
test in satisfaction of personal taxes which he claims
were improperly charged against him for the year 1893.
The question in controversy at the trial was the correct-
ness of the plaintiff's assessment as modified by the
county board of equalization.  The jury found in favor of
the defendant, and judgment was rendered on the verdict.
The judgment is right and must be affirmed, regardless of
any errors that may have intervened at the trial.  The pe-
tition does not state a cause of action, and the evidence
affirmatively shows that Chapel has no valid claim
against the county.  The petition was not framed on the
theory that the tax in question was levied upon property
not subject to taxation, or that there had been a double
assessment, or that the levy was made for an illegal or un-
authorized purpose, but upon the assumption that the as-
sessment was excessive and unjust.  The record, which is
in a most unsatisfactory condition, does not show the val-
uation of Chapel's personalty as fixed by the assessor, but
it does show that upon due notice, and after a full hearing,
the assessment was increased by the board of equalization
for Turkey Creek Township.  It also shows that Chapel,
being dissatisfied with the action of the town board, pre-
sented his grievance to the county board of equalization,

39

where a hearing was had and an order made reducing the assessment from $1,718 to $1,546. This order, never having been reversed, vacated, or modified, fixed conclusively the value of plaintiff's personal estate for the purposes of taxation. Being a judicial order, it might have been reviewed in the district court, but it is not subject to collateral attack. (*Sioux City & P. R. Co. v. Washington County*, 3 Neb. 30; *McGee v. State*, 32 Neb. 149.) The precise question presented for decision in this case was tried and determined by the county board of equalization, and the plaintiff, having chosen to abide by that decision, cannot now maintain an original action on the theory that the controversy was not correctly adjudicated. The order of the supervisors of Franklin county indisputably established the correctness of the plaintiff's assessment. The judgment is

AFFIRMED.