HAHN SYSTEM, APPELLANT, v. THOMAS F. STROUD ET AL.,
APPELLEES.

FILED NOVEMBER 13, 1922.    No. 22804.

1. **Equity.** "A suit in equity will not lie when the plaintiff has a plain, adequate and speedy remedy at law." *Western Union Telegraph Co. v. Douglas County,* 76 Neb. 666.

2. **Taxation:** EXCESSIVE VALUATION: REMEDY. Section 5975, Comp. St. 1922, affords a plain, adequate and speedy remedy to one whose property has been excessively valued for taxation and in cases in which the county board of equalization has committed prejudicial errors or irregularities in procedure.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Switzler, Ringer, Switzler & Shackelford,* for appellant.

*W. W. Slabaugh* and *A. V. Shotwell, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., SHEPHERD, District Judge.

MORRISSEY, C. J.

Plaintiff brought this action in the district court for Douglas county to enjoin the extension upon the tax records and the collection of certain taxes assessed against it for the year 1921. Defendants filed a demurrer to the petition, which was sustained by the court, and plaintiff has appealed. After setting out the purely formal matters, the petition alleges that it had property in Douglas county subject to assessment and taxation for the year 1921 in the sum of $200 only, which it listed at that amount; that without actual notice to plaintiff the assessor placed a valuation for assessment upon plaintiff's property of $10,000; that the defendants, the several members of the board of county commissioners, the county assessor and the county clerk, convened as a board of equalization June 14, 1921; that the following day, for the purpose of having the valuation placed upon its property reduced from $10,000 to $200, plaintiff, through its secretary, appeared before the board and presented evidence showing that the valuation of the property was on April 1, 1921, $200 only; that no other evidence was offered or received; that the board wholly disregarded the evidence offered by plaintiff, "and through a reckless disregard of it, in opposition to what would be the judgment of all persons of reflection, and in total disregard of the competent evidence given by the plaintiff, arbitrarily found and decided on said date and refused to consider said evidence and the pertinent information regarding the value of plaintiff's property; and arbitrarily set its value at a grossly excessive sum under rules passed by it for the occasion, thereby establishing a fraud in the making of said assessment." The petition further alleges: "That the

action of the said county board, in pretending to approve and sustain the valuation as set by the county assessor for the purposes of taxation, was contrary to law and without authority, and is and was wholly null and void, and by reason thereof the only lawful valuation of said property for taxation in the year 1921 is, as shown by the testimony of the plaintiff, which was the only testimony offered, namely, the sum of $200." The petition then recites that the board took the customary and usual steps preparatory to the extension of the tax against plaintiff based on a valuation of $10,000, when in fact the valuation should be but $200, offers to pay the tax based upon a valuation of $200, and prays for a permanent injunction.

Plaintiff took no appeal from the decision of the board, and its petition fails to state any reason for its failure to avail itself of the plain, adequate and speedy remedy for the redress of its grievances, if any it had, because of the action of the board of equalization, as is provided by section 5975, Comp. St. 1922. The case falls within the rules announced in *Western Union Telegraph Co. v. Douglas County*, 76 Neb. 666, wherein it was held:

"A suit in equity will not lie when the plaintiff has a plain, adequate and speedy remedy at law.

"The statute affords a plain, adequate and speedy remedy to one whose property has been excessively valued for taxation and in cases in which the county board of equalization has committed prejudicial errors or irregularities in procedure."

The demurrer was properly sustained, and the judgment of the district court is

AFFIRMED.