MINNEAPOLIS DREDGING COMPANY ET AL., APPELLANTS, V. ADDIE S. REIKAT, COUNTY TREASURER, ET AL., APPELLEES.

3 N. W. (2d) 887

FILED MAY 15, 1942. No. 31323.

476

*Shuman & Overcash,* for appellants.

*Zelma Derry* and *M. M. Maupin, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

Minneapolis Dredging Company and Martin Wunderlich Company, plaintiffs, applied to the district court by petition in equity for an injunction to prevent Addie S. Reikat, treasurer, and Fred G. Taylor, sheriff, of Keith county, defendants, from enforcing against plaintiffs an assessment of taxes for the year 1939 on personal property in Keith county.

It is alleged in the petition that plaintiffs are contractors engaged in constructing a dam for the Central Nebraska Public Power and Irrigation District in Keith county and have therein personal property which they are using in the work of construction; that John Leonard, about July 1, 1939, purported to make a personal tax schedule against plaintiffs and included therein a dredge at the value of $189,000; that the schedule was filed in the county assessor's office and by virtue thereof an unlawful and void assessment of $2,228.31 was made against plaintiffs; that the dredge was not the property of plaintiffs April 1, 1939, nor at any time during that year, but was owned by the district named; that, notwithstanding the invalidity of the tax, defendants threaten to enforce payment thereof by means of a distress warrant.

By answer to the petition defendants admit they threaten

to enforce by distress warrant the taxes of which plaintiffs complain, and plead that on April 1, 1939, the personal property described in the petition was then owned by plaintiffs, was then in their possession and under their control, subject to taxation in Keith county; that plaintiffs refused to schedule their dredge property for taxation and that John Leonard, county assessor, made and returned an assessment thereon, notified plaintiffs thereof and delivered to them a copy of the assessment schedule; that the dredge property was legally assessed and that taxes so levied are due and owing by plaintiffs to Keith county; that plaintiffs appeared before the county board of equalization, objected to the assessment and requested cancelation thereof; that the board sustained the assessment as made; that plaintiffs did not appeal from the action of the board and consequently are bound by it and are not entitled to an injunction.

Upon a trial of the cause the district court found the issues in favor of defendants, refused to grant an injunction and dismissed the action. Plaintiffs appealed.

Plaintiffs contend that the assessment of the dredge property for the year 1939 was void for the reason that it was not assessed by the precinct assessor nor by any other officer having authority to make an assessment. This position is untenable. Plaintiffs alleged in their petition for an injunction that they are engaged in constructing a dam and have in Keith county personal property which they are using in the work of construction. The record contains evidence that a schedule listing some of their personal property did not include dredge equipment; that the county assessor inserted it therein as omitted property at a value of $189,000 and gave them notice of the fact; that the greater portions of the dredge material were at the dam site April 1, 1939. The statute provides:

"The county assessor or county clerk may, at any time, add to the tax rolls any property omitted therefrom for the current year." Comp. St. 1929, sec. 77-1006. See, also, *Bankers Life Ins. Co. v. County Board of Equalization,* 89 Neb. 469, 131 N. W. 1034. -

In due time, as shown by the evidence, plaintiffs appeared before the county board of equalization and invoked its jurisdiction to cancel the assessment on the ground that plaintiffs were not the owners of the dredge. The valuation was also assailed as excessive. The evidence shows further that, after a hearing, plaintiffs were notified that the board of equalization refused to change the assessment and allowed it to stand as made. The board had jurisdiction to grant or deny the relief sought. The failure to cancel the assessment or to reduce the amount of it was' a denial of any relief. Plaintiffs did not appeal and are bound by the decision of the board. Appeal was an adequate remedy and failure to appeal precluded relief in equity to prevent enforcement of the assessment. *State v. Drexel,* 75 Neb. 751, 107 N. W. 110; *Hahn System v. Stroud,* 109 Neb. 181, 190 N. W. 572; *Western Union Telegraph Co. v. Douglas County,* 76 Neb. 666, 107 N. W. 985; *Chapel v. Franklin County,* 58 Neb. 544, 78 N. W. 1062; *Kennedy v. Buffalo County,* 134 Neb. 744, 279 N. W. 464.

Plaintiffs assert, however, that the county clerk did not enter upon the records of the county board of equalization any order denying the relief sought by them and they argue that there was nothing from which to appeal. The statutory right of appeal was not lost by failure of the county clerk to perform his duty to record the decision. The petition for an injunction alleged that the purported schedule was filed in the office of the county assessor and that by virtue thereof an unlawful assessment was made against plaintiffs, who pleaded also that the assessment was unlawful because excessive and levied on property not owned by them—subjects over which the board had jurisdiction. The evidence does not show that plaintiffs demanded a transcript of the proceedings and order of the board for the purposes of an appeal or that the board was requested to require the clerk to complete the record to show the making of the order. In Nebraska, the revenue law does not make the record of the board the exclusive evidence of its decision. The ruling of the board, if omitted from the record, may be shown by parol

evidence. *Ragoss v. Cuming County,* 36 Neb. 375, 54 N. W. 683; *Green v. Lancaster County,* 61 Neb. 473, 85 N. W. 439. Reasons for the rule were stated by the supreme court of California as follows:

"The power of the board to act exists independently of any action of the clerk, and the validity of an.exercise of it does not depend upon the diligence of the clerk. Were it otherwise, the clerk would have it in his power to, either by carelessness or design, defeat any of the actions of the board." *County of San Luis Obispo v. White,* 91 Cal. 432, 24 Pac. 864, 27 Pac. 756. See, also, *Burns v. McNally,* 90 Ia. 432, 57 N. W. 908; *Ewing v. Duncan,* 81 Tex. 230, 16 S. W. 1000; *Mecom v. Ford,* 113 Tex. 109, 252 S. W. 491.

It seems clear that plaintiffs did not exhaust their remedy by appeal, that they were bound by the assessment as made, that injunction was properly denied and that there was no error in the record to prejudice them.

AFFIRMED.