# IN THE COURT OF APPEALS OF IOWA

No. 18-0406
Filed February 6, 2019

**ANDRE WHITE,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Johnson County, Sean W. McPartland, Judge.

　　　　Appeal from the denial of an application for postconviction relief. **AFFIRMED.**

　　　　John J. Bishop, Cedar Rapids, for appellant.

　　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

　　　　Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Andre White was convicted of two counts of sexual abuse in the third degree and sentenced to an indeterminate term of incarceration not to exceed ten years. *See State v. White*, No. 10-1875, 2013 WL 2371205, at *1 (Iowa Ct. App. May 30, 2013). This court affirmed his conviction on direct appeal. *See id.* at *2. White filed an application for postconviction relief pursuant to Iowa Code chapter 822 (2013), which the district court denied. White timely filed this appeal.

In this appeal, White claims his trial counsel provided constitutionally ineffective assistance in two respects. First, his counsel failed to interpose hearsay objections to certain testimony. Second, after White's first trial resulted in a hung jury, White's counsel changed trial strategies in White's second trial. White contends the change in trial strategy was unreasonable.

The court reviews ineffective-assistance-of-counsel claims de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012); *Collins v. State*, 588 N.W.2d 399, 401 (Iowa 1998). To prevail on his claim, White must show (1) that "his attorney's performance fell outside a normal range of competency," and (2) he was prejudiced as a result of his attorney's ineffectiveness. *Jones v. State*, 545 N.W.2d 313, 314 (Iowa 1996). Prejudice exists when, "but for counsel's errors, the result of the proceeding would have been different." *Id.* at 314-15.

On de novo review, we conclude the district court did not err in denying White's application for postconviction relief with respect to the first claim because the statements were not hearsay. The challenged testimony consisted of imperative statements and/or statements not offered for the truth of the matter asserted. *See* Iowa R. Evid. 5.801(c) (defining hearsay); *State v. Leonard*, 243

N.W.2d 887, 890 (Iowa 1976); *Holland v. State*, 713 A.2d 364, 370 (Md. Ct. Spec. App. 1998); *State v. Leroux*, 965 A.2d 495, 503-04 (Vt. 2008). Instead, the statements were offered to establish the statements were uttered, whether true of false, and to explain responsive conduct. *See State v. Mitchell*, 450 N.W.2d 828, 832 (Iowa 1990) ("When an out-of-court statement is offered, not to show the truth of the matter asserted but to explain responsive conduct, it is not regarded as hearsay."); *State v. Watson*, 242 N.W.2d 702, 705 (Iowa 1976) ("The statement was not hearsay because it was not intended to prove the truth of any fact. The statement itself had no element of truth or falsity. It could prove nothing except its own utterance."). Counsel thus had no duty to object to the evidence. *See State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015) (noting counsel does not breach a duty by failing to raise a meritless objection); *State v. Gresham*, No. 12-2231, 2014 WL 69780, at *4 (Iowa Ct. App. Jan. 9, 2014) ("Counsel has no duty to raise a meritless objection."). Furthermore, White has not established constitutional prejudice. *See State v. Schneider*, No. 14-1113, 2015 WL 2394127, at *7 (Iowa Ct. App. May 20, 2015). There is no reasonable likelihood the jury would have reached a different result if counsel had made an objection to the statements.

Some background is necessary to resolve the second claim. In White's first trial, White tried to show the complainant had motive to file a false report because White had reported to the complainant's employer that she stole items from work (a theft with which White was involved). That trial resulted in a hung jury. In the second trial, White's counsel changed strategies. Counsel did not present any evidence of the theft. Instead, counsel argued White and the complainant were engaged in consensual sex and she asked White to choke her—a practice known

as erotic breath control. An expert witness testified that erotic breath control carries a social stigma and that those who practice it are often self-conscious of their behavior. Under counsel's theory of the case, the complainant was afraid other people might notice visible bruising around her neck and question the source of that bruising. As a result, the complainant filed a false report to preemptively explain the bruising and avoid admitting she practiced erotic breath control. White claims this change in trial strategy was constitutionally ineffective.

On do novo review, we conclude the district court did not err in denying the application for postconviction relief with respect to this claim. "'Improvident trial strategy or miscalculated tactics' typically do not constitute ineffective assistance of counsel." *State v. Polly*, 657 N.W.2d 462, 468 (Iowa 2003) (quoting *State v. Oetken*, 613 N.W.2d 679, 683-84 (Iowa 2000)); *accord State v. Cromer*, 765 N.W.2d 1, 8 (Iowa 2009); *Wemark v. State*, 602 N.W.2d 810, 814 (Iowa 1999); *State v. Wright*, No. 10-1330, 2011 WL 2041578, at *1 (Iowa Ct. App. May 25, 2011); *Gully v. State*, 658 N.W.2d 114, 120 (Iowa Ct. App. 2002). The question is whether "counsel's performance fell below the normal range of competency." *Cromer*, 765 N.W.2d at 8 (quoting *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999)). "When counsel makes a reasonable decision concerning strategy, we will not interfere simply because the chosen strategy is unsuccessful." *State v. Losee*, 354 N.W.2d 239, 243 (Iowa 1984). White's attorney testified he altered his strategy at the second trial because his original strategy did not result in White's acquittal. Furthermore, introducing evidence of the theft painted White in a bad light because White was complicit in the theft. White's attorney believed altering the trial strategy would provide a motive for the complainant to falsely accuse White of rape while

preserving White's credibility.  Although counsel's strategy did not result in an acquittal, it was a considered choice.

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**