[No. 9619.   In Bank. — June 25, 1886.]

THE PEOPLE, APPELLANT, v. JOHN J. COLE, RE-
SPONDENT.

LICENSE — BOARD OF SUPERVISORS — PASSAGE OF ORDINANCE. — Under sec-
tion 4045 of the Political Code, an ordinance of a board of supervisors
fixing the rates of county licenses is not invalid because not passed on
the first Monday of October, if the matter of fixing the rates of licenses
was considered by the board on that day, and continued from day to day,
and the ordinance was finally passed as soon as possible thereafter.

ID. — RECORDING ORDINANCE. — The county-government act of March 14,
1883, does not require that the ordinance shall be recorded before it goes
into effect.

APPEAL from a judgment of the Superior Court of
Fresno County, and from an order refusing a new trial.

The action was brought to recover the amount alleged
to be due for a license tax to sell and dispose of spirituous
liquors and wines in less quantities than one quart at a
fixed place of business in the county of Fresno.   The
action was commenced on the 26th of January, 1884.
The complaint alleged the previous sale of liquors by the
defendant in violation of the ordinance.   On the trial,
the plaintiff offered in evidence the ordinance-book of the
board of supervisors, from which it appeared that the
ordinance in question was not recorded until the 1st of
February, 1884.   The court excluded the evidence, and
rendered judgment for the defendant.   The further facts
are stated in the opinion of the court.

*E. D. Edwards*, and *Sayle & Harris*, for Appellant.

*Bennett & Wigginton*, for Respondent.

MYRICK, J.—Action to recover a license tax of one
hundred dollars.   The court below granted a nonsuit,
and on this appeal two points are presented by the re-
spondent as to the correctness of the ruling: —

1. The ordinance was not passed on the first Monday
of October, as required by section 4045, subdivision 3, of
the Political Code.

2. The ordinance was not recorded by the clerk in the ordinance-book until after the defendant made the sales complained of. (Act to establish a uniform system of county governments, approved March 14, 1883, secs. 2, 21.)

It appears from the transcript that, on Monday, October 1st, the matter of fixing rates for county licenses came on for consideration by the board of supervisors, and the board, by entry in its minutes, continued the matter until the third; on the third the matter was continued until the fourth; and on the fourth was again continued until the fifth; on the fifth, the ordinance was passed by unanimous vote. We think this was a substantial compliance with the statute. We do not think a proper construction of the language of the statute is that all power over the subject is to cease with the end of the first Monday. We think rather, a proper construction is, that the board should on that day take up the subject for consideration, and conclude it as soon as may be.

As said above, the ordinance was passed October 5th, and was duly signed and published as required by law, but was not recorded until about the 1st of February following. The sales complained of took place between the publication and the recording. It is claimed by the defendant, and the court below seems to have been of that opinion, that the document was not an ordinance until recorded. We do not read in the statute a requirement that the ordinance shall be recorded before it shall take effect; by the statute, publication or posting is made necessary before it takes effect (section 26, act above referred to), but not recording.

The judgment and order are reversed, and the cause is remanded for a new trial.

Ross, J., Sharpstein, J., Thornton, J., and McKinstry, J., concurred.