## No. 2301.

## JAMES E. BROWN ET AL. *v.* L. L. REESE.

MANDAMUS—SCHOOL VOUCHER—EVIDENCE.—An endorsement on the back of a school voucher was made by the county judge as follows: "August 13, 1883 "The court finds $291.31 cts. due on this claim" (signed) "James Brown, Co. Judge." In a suit by mandamus to compel the members of the county commissioners court to issue a warrant on the claim as one audited and allowed, *held:*

(1) The proceedings of the commissioners court must be recorded by the clerk and signed by the judge presiding, and at the end of each term must be attested by the clerk.

(2) The best evidence of the proceedings of a commissioners court is the record there kept.

(3) The endorsement on the voucher was no evidence that it was allowed by the court, and mandamus to compel the issuance of a warrant in payment of the claim, will not lie in the absence of record evidence of its allowance.

APPEAL from Leon. Tried below before the Hon. James I. Perkins.

*B. D. Dashiell* and *Kirven, Gardner & Ethridge,* for appellants, cited Section 2, Act of 1883, page 41; Revised Statutes, Articles 1527, 1528.

*George P. Finlay* and *Forster Rose,* for appellee, cited Act of August 13, 1870, section 3, page 114; Act of April 4, 1871, section 2, page 58; Act of November 29, 1871, section 1, page 49; Act of April 2, 1883, section 2, page 41; Revised Statutes, article 1204, sub-division 8; Greenleaf on Evidence, volume 1, section 501; Freeman on Judgments, section 407, et seq.

GAINES, ASSOCIATE JUSTICE. This suit was originally instituted in the district court of Leon county by a petition for a mandamus to compel appellants as members of the commissioners court of that county to cause a warrant to issue in favor of appellee for the payment of a school voucher issued to him in 1874 by the then superintendent of public schools of the county.

It was alleged that the claim was audited and allowed by the commissioners court of Leon county, on the thirteenth day of

August, 1883, by virtue of the Act of April 2, 1883. (Laws 18th Leg., p. 41.) Judgment was rendered in the court below, awarding the writ of mandamus as prayed for and defendants have appealed and assigned the following error in substance: That the judgment is unsupported by the evidence because the voucher and the endorsement thereon are no proof that the commissioners court allowed the claim as alleged. There is no evidence in the record of any entry upon the minutes of the commissioners court in reference to this voucher. The warrant is signed by the school superintendent and appears to be in regular form. It is endorsed as follows: "August 13, 1883. The court finds $291.31 cts. due on this claim. (Signed) James Brown, Co. Judge."

The Revised Statutes provide that the proceedings of the commissioners court shall be recorded by the clerk in a suitable book kept for the purpose, and shall be read over and signed by the county judge, or the member of the court presiding, at the end of each term, and attested by the clerk. (Rev. Stats., art. 1527.) The best evidence of a judgment of that court, therefore, is either the record itself or a certified copy, as provided for by the statute, under the hand and seal of the clerk. The statement of facts show that neither was produced on the trial in the court below. It also appears that no evidence of the allowance of the claim was offered except the endorsement upon it, which has been hereinbefore set out. Now the question arises, is this proof of the fact that the court audited and allowed the claim? We think not. We have found nothing in the statute providing for any endorsement upon a voucher of this character by any officer.

It is quite clear that the county judge could not have given a certified copy of the record if one had been made; nor could the clerk, who is the custodian of the records, give any certificate as to the action of the court which could be used as evidence except to an exact copy. There being no authority for this endorsement by the judge, it is not evidence for any purpose in a proceeding of this character, and should not have been considered by the judge in the court below. If the commissioners court had made an order for the payment of this claim and the order was not entered it might probably be used as evidence in a proceeding to have an entry made *nunc pro tunc.*

But should it be conceded that this was evidence tending to prove that the voucher had been audited and allowed, it can not be held sufficient to warrant a proceeding to compel the commis-

sioners to make an order for its payment. The writ of mandamus only lies to enforce the performance of a plain and imperative duty. If the officer have a discretion he can not be compelled. If a voucher so endorsed would call for any action at all on their part, it would seem it would be their duty to consider it, in connection with other evidence, and to decide in their discretion according to the truth of the fact as they should find it.

Can the clerk of a court be forced to issue execution upon a judgment properly rendered, but not entered upon the minutes, although it may fully appear by the entry upon the judge's docket? Clearly not. Can he be compelled to issue upon a judgment the record of which has been destroyed? On the contrary, it is held that an execution in such case may be enjoined. (Cyrus v. Hicks, 20 Texas, 483.)

We think, therefore, that in order to sustain the judgment in this case there should have been shown that conclusive proof of the allowance of appellee's claim, which is only afforded by an order duly entered on the minutes of the tribunal charged with the duty of auditing it.

We are of opinion that the judgment of the court below is without evidence to support it. It is therefore reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 4, 1887.