NOTE.—Reported in 103 N. E. 100. See, also, 2 Cyc. 1013; 3 Cyc. 175, 176.

---

## LOCKYEAR v. BOARD OF COMMISSIONERS OF THE COUNTY OF SPENCER.

[No. 22,501. Filed November 20, 1913.]

1. COUNTIES.—*Board of Commissioners.*—*Contracts.*—*Expert Accountants.*—Prior to the public accounting act (Acts 1909 p. 136), a board of county commissioners had authority to employ expert accountants to make examination of the books and accounts of the county officers and to bind the county for the payment of the service rendered. p. 468.

2. COUNTIES.—*Board of Commissioners.—Employment of Expert Accountant.—Contract.—Record.*—In the absence of a statute requiring it, a contract of employment between a board of county commissioners and an expert accountant for the examination of the books and accounts of the county officers, would not necessarily be void because not in writing and not spread on the records of the board. p. 468.

3. COUNTIES.—*Board of Commissioners.—Employment of Expert Accountant.—Contract.—Record.*—A contract by a board of county commissioners, made in continuation of a previous written contract for the examination of the books and accounts of the county officers, entered into with an individual in no way connected with any of the public offices of the county, being for the performance of duties not required by law of any officer of the county, and providing payment at a specified amount *per diem*, and not by a commission on amounts that might be recovered as a result of the work, was not within §6016 Burns 1908, §5766 R. S. 1881, relating to allowances by boards of commissioners and providing that, if it be found necessary, and so entered of record, to employ any person to render any service as a public necessity, the contract therefor shall be spread of record. p. 469.

From Warrick Circuit Court; *Roscoe Kiper,* Special Judge.

Action by the Board of Commissioners of the County of Spencer against Melvin H. Lockyear. From a judgment against defendant on his cross-complaint, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*Elmer Q. Lockyear, Albert W. Funkhouser* and *Arthur F. Funkhouser,* for appellant.

Cox, J.—Appellee sued appellant to recover money paid him on a contract for an examination of the books and accounts of certain public officers of Spencer County. Appellant filed a cross-complaint to recover an additional sum for further accounting work alleged to have been done by him under contract with appellee after that for which he had been paid. Issues were formed upon both the complaint and the cross-complaint, and these issues were tried by the

court. At the request of appellant the court found the facts specially and stated conclusions of law thereon. The first conclusion of law was favorable to appellant on the issues joined on the complaint and from the judgment thereon no appeal has been taken. The second conclusion of law which was on the issues joined on appellant's cross-complaint, was against appellant and to it he excepted, and has appealed from the judgment rendered thereon against him assigning and relying in this court on the second conclusion of law as reversible error.

The substance of the finding of the court is that on September 15, 1906, the county council of Spencer County appropriated $1500 for the purpose of employing an expert to investigate and audit the books, papers and public records of that county; that on June 17, 1907, appellant and appellee entered into a written contract whereby appellant was employed to do the contemplated accounting work for the county. This contract is set out in full in the finding and in substance it provides that appellant was to fully investigate and audit the books, papers and public records beginning with the term of each office next after the general election of 1886 and bringing the examination of the offices of all treasurers and auditors down to July 1, 1907; that after the examination of these two offices was completed, such other offices as might be determined by the board might be examined; that appellant was to employ one expert accountant, familiar with county records, at a salary of ten dollars per day and an assistant at a salary of three dollars per day which sums were to be paid by appellee, and that appellant was himself to give his personal attention to the work three days per week and he was to receive therefor $16.25 per day for each day actually employed upon the records at the courthouse; that if the complete examination of all the officers for the full period of time named should be deemed advisable by the board the cost should not exceed $3,000; that the board reserved the right to stop the inves-

tigation at any time and the contract should not extend beyond the sum of $1500 unless the county council should make an additional appropriation; that appellant was to make reports from time to time upon the board's request and a complete report together with an itemized statement of the time employed by himself and assistants duly verified. It was found by the court that this contract was entered of record and that appellant began and performed work under it for which he was allowed and paid $1489.75 for himself and assistants; that prior to October 21, 1907, the board never demanded a report of the work done under the contract, but on that day appellant filed in the office of the auditor of the county a report showing in detail the result of his investigation; that on this same date the county council formally made an appropriation of $600 for the purpose of continuing the investigation; that at a meeting of the board, October 23, 1907, appellant appeared before the board and was informed by one of its members that the board desired to continue the investigation whereupon appellant stated that he would continue under the terms of the original contract, except that he would devote only one day each week to the work instead of three days each week as the original contract provided; that to this modification of the original contract two members of the board gave their consent; that the renewed or modified agreement to continue the work was oral and no record of it was ever made by the board; that appellant continued the investigation and on November 5, 1907, the board entered an order of record requiring him to fully report his work in writing at the December term of the board; that appellant complied with this order by filing, on December 14, 1907, his verified report of his investigation and findings from the beginning under the original contract including the matters reported October 21, and including his work subsequent to the making of the additional appropriation; that the board entered an order not approving but rejecting this report for the reason given that it did not

comply with the terms of the contract; that appellant presented to the board his claim for services rendered by himself and his assistants subsequent to October 21, 1907, (amounting to $555, the amount sued for by appellant in his cross-complaint), and that this claim was disallowed by the board at its December term, 1907.

The first conclusion of law drawn by the court from these facts as before stated was in appellant's favor, to the effect that he had performed the original contract and was entitled to retain the $1489.75 paid him thereon.

The second conclusion of law, the correctness of which alone is involved in this appeal, was as follows: "That the contract entered into by said board for the performance of work in investigation and auditing county records and under which the defendant performed the services after the 21st day of October, 1907, is void and the defendant is not entitled to recover thereon."

Appellee has filed no brief in the cause and makes no defense of the judgment in its favor based on this conclusion of law. And a search of the record on our part discloses none. It seems to have been the trial court's theory of the law that the contract of October 23, 1907, for a continuation of the examination of the books which had been partly done was void because not in writing and not entered of record.

Under the law as it existed at the time of the transaction under consideration a board of county commissioners had authority to employ expert accountants to make ex-

1. amination of the books and accounts of the county officers and to bind the county for the payment of the service rendered. *Duncan* v. *Board, etc.* (1885), 101 Ind. 403; *Board, etc.* v. *Gardner* (1900), 155 Ind. 165, 172, 57 N. E. 908; *Garrigus* v. *Board, etc.* (1901), 157 Ind. 103, 109, 110, 60 N. E. 948. In the absence of a statute re-

2. quiring it such a contract would not necessarily be void because not in writing and not spread on the records of the board. *McCabe* v. *Board, etc.* (1874), 46 Ind.

380; *Hight* v. *Board, etc.* (1879), 68 Ind. 575, 577; *Board, etc.* v. *Ritter* (1883), 90 Ind. 362; *Hoffman* v. *Board, etc.* (1884), 96 Ind. 84; *Board, etc.* v. *Garrigus* (1905), 164 Ind. 589, 606, 73 N. E. 82, 74 N. E. 249.

Section 6016 Burns 1908, §5766 R. S. 1881, Acts 1879 p. 130, which relates to allowances by boards of county commissioners, provides among other things that, "if it be found necessary, and so entered of record, to employ any person to render any service as contemplated in this section, as a public necessity, the contract for such employment shall be spread of record in said court." The contract for the continuation of the investigation here involved was with an individual in no way connected with any of the public offices of the county, to perform duties not required by law of any officer of the county and provided for payment of the services rendered by a specific amount *per diem* and not by a percentage of, or commission on amounts which might be recovered by the county as a result of appellant's work. It has been held that such a contract does not come within the provisions of the section requiring the declaration of public necessity and the contract to be entered of record (*Board, etc.* v. *Garrigus, supra*, 606); and the contract under consideration was not void for failure to comply with it. Nor can it be said to be void by force of the provisions of §5942 Burns 1908, Acts 1899 p. 343, for lack of an appropriation by the county council, for such an appropriation the facts found by the court show had been made.

The record presented to us indicates that justice would be better served by a reversal and a new trial of the issues joined on appellant's cross-complaint, than by a restatement of the second conclusion of law, and it is so ordered.

NOTE.—Reported in 103 N. E. 100. See, also, under (1) 11 Cyc. 390; (2) 11 Cyc. 476; (3) 11 Cyc. 398. As to the power of a county or other municipal corporation to employ expert accountants to examine public accounts and records, see Ann. Cas. 1913 B 1087.