## H. MECOM ET AL. v. JOSEPHINE FORD ET AL.

### No. 3810. Decided June 6, 1923.

### (252 S. W., 491.)

**1.—Commissioners' Court—Proof of Orders—Record of Proceedings.**

Commissioners' courts are required to keep a record of their proceedings (Rev. Stats., 1895, Art. 1554), but it is not provided, as in case of probate orders (Art. 1802), that if not entered of record such proceedings should be a nullity. Under proper allegations that an order was duly made by the Commissioners in open court, but by inadvertence no record thereof was made, the fact that it was so made may be shown by parol evidence. (Pp. 113-122).

**2.—Same—Sale of Public School Property.**

On the issue of the admissibility and validity of a sale and conveyance by the county judge of a lot belonging to a school district by authority of an order of the commissioners' court of the county obtained by the district trustees (Rev. Stats., Art. 3990), defendants, relying on such deed for their title plead specially that such sale was duly approved and ordered by the commissioners in open court, but that by inadvertence no record of such order was entered on their proceedings. It is held that:

(1) It was error to sustain a demurrer to such plea.

(2) That it could be shown by parol proof that such order was in fact made.

(3) That parol evidence here considered showing that it was so made was erroneously excluded on objection that it was inadmissible to establish such orders when it was conceded that there was no record evidence thereof. (Pp. 113-124).

**3.—Same Cases Reviewed.**

Ewing v. Duncan, 81 Texas, 230; Brown v. Reese, 69 Texas, 589; Waggoner v. Wise County, 17 Texas Civ. App., 220; and other cases following the same are here followed. Brown v. Reese, 67 Texas, 318; Polly v. Hopkins, 74 Texas, 145; Gano v. Palo Pinto County, 71 Texas, 99; Ball v. Presidio County, 88 Texas, 60; are distinguished and limited. (Pp. 114-121).

Questions certified from the Court of Civil Appeals for the Ninth District, in an appeal from Liberty County.

The Supreme Court, having referred the questions to the Commission of Appeals, Section A, for its opinion thereon, here adopt same as its answer to the questions certified.

*J. Lewellyn* and *Orgain & Carroll*, for appellants. Cited: Ewing. v. Duncan, 81 Texas, 230; Brown v. Reese, 69 Texas, 589; Waggoner v. Wise County, 43 S. W., 836; Karnes County v. Nichols, 54 S. W., 656; Jackson-Foxworth Lumber Co. v. Hutchinson, 88 S. W., 412; Lillard v. State, 53 S. W., 126; Marshall v. Simmons, 159 S. W., 89.

*E. B. Pickett, C. H. Cain,* and *C. R. Wilson,* for appellees.

Neither the county judge, nor the trustees of a common school district, have authority to sell land belonging to the school district, unless and until after being regularly empowered so to do by an order of the Commissioner's Court made and entered of record in the minutes of said court; and in a collateral proceeding it cannot be proved by parol, for the purpose of giving validity to a deed which the county judge has executed, that such an order was in fact made by the Commissioner's Court, but not entered on its minutes. Brown v. Reese, 67 Texas, 318; Gano v. Palo Pinto County, 71 Texas, 99; Wagner v. Porter, 56 S. W., 561; Polly v. Hopkins County, 74 Texas, 145; Ball v. Presidio County, 88 Texas, 64; Riddell v. Boone County, 208 S. W., 323 (Ky.); Flowers v. Logan County, 147 S. W., 920 (Ky.); Cameron v. Thurmond, 56 Texas, 22; Holt v. Maverick, 23 S. W., 751; Daniel v. Daniel, 128 S. W., 471; State v. True, 95 S. W., 1029 (Tenn.); Moore v. State, 81 S. W., 48; Sowers v. Yeoman, 129 S. W., 1154; Ximenes v. Ximenes, 43 Texas, 458; Railway Co. v. Haynes, 82 Texas, 448; Wheeler v. Duke, 67 S. W., 911; Evans v. Smith, 54 S. W., 1050; Meyer Brothers v. Coulter, 46 S. W., 649; Town of Nortonville v. Woodward, 231 S. W., 224 (Ky.).

. MR. PRESIDING JUDGE GALLAGHER delivered the opinion of the Commission of Appeals, Section A.

This case is based on a certificate presenting certain facts and propounding certain questions, which certificate is submitted by the Honorable Court of Civil Appeals for the Ninth Supreme Judicial District.

The certificate shows the following facts, the parties being designated as in the trial court:

Mrs. Josephine Ford and others as plaintiffs instituted suit in the District Court of Liberty County against H. Mecom and others as defendants in form of trespass to try title to recover one acre of oil-bearing land in said county. In addition to the usual allegations in such suits plaintiffs specially pleaded that on December 6, 1897, Mrs. Josephine Ford and her husband, C. W. Ford, now deceased, were the owners of the land sued for; that on said date they executed and delivered to the county judge of Liberty County a deed conveying said land to him conditionally as trustee for common school district No. 5 of said county, to be used for school purposes; that the use of said land for school purposes ceased long before the institution of this suit and that the fee simple title to said land reverted to and revested in said Mrs. Josephine Ford and the heirs of her said deceased husband.

Plaintiffs further pleaded that the defendants in said suit had no title to said land in that they were all claiming under a deed dated January 2, 1906, from T. C. Crane, who was the county judge of said

county, to one G. J. Stovall attempting to convey said one acre of land; that said Crane had no authority as county judge or otherwise, so far as shown by the record, to execute such deed and that the same, for such reason, conveyed no title to said land to the grantee therein.

They further pleaded that if for any reason the fee simple title to said land did not revert to and revest in said Mrs. Ford and the heirs of her deceased husband, such title was still vested in said school district or in the school authorities controlling the same; that plaintiffs, Mrs. Ford, and the heirs of C. W. Ford, deceased, had already entered into an agreement with the school trustees of said district whereby the issue of title had been compromised and adjusted between them and that they have joined in making a contract with an oil company for the immediate development of said land.

Defendants pleaded general denial and not guilty and in addition thereto presented a special plea, the substance of which was as follows: That on said date of January 2, 1906, L. Carr, S. M. Stovall and Louis Fregis were the duly qualified and acting school trustees of said common school district No. 5 of said county; that said one acre of land sued for herein was not then being used for school purposes; that it was deemed by said board of school trustees to the best interest of said common school district to sell the same; that they, as such board, agreed that said land should be sold and the money received therefor used for other school purposes, and that $10.00 was an adequate price therefor; that said trustees went before the Commissioners' Court of said county and advised said court and the members thereof of their determination to make a sale of said property; that said court concluded and ordered by an order duly passed, which order for some reason unknown to them was not entered on the written minutes of said court, that $10.00 was an adequate consideration for said land and that the same should be sold for said sum to be paid cash and that the county judge should execute a deed therefor; that said trustees produced said G. J. Stovall, who agreed to purchase said land at said price, and acting through said L. Carr, one of their number, requested T. C. Crane, who was then the duly qualified and acting county judge of said county and the holder of the legal title to said land, to make a deed thereto to said purchaser; that said county judge, in accordance with said request and said order of the Commissioners' Court of said county did make, execute and deliver a deed conveying said land to the said G. J. Stovall who, upon delivery of said deed to him, paid to said L. Carr the consideration of $10.00 agreed upon therefor; that said money was by said Carr delivered to said T. C. Crane, county judge and ex officio county superintendent, for the use and benefit of said school district.

To this pleading the plaintiffs excepted on the ground that the same "did not plead any defense whatever to plaintiffs' cause of action that should be recognized in law or in equity."

The court sustained said exception. The defendants filed no further pleadings but went to trial on their general denial and plea of not guilty.

Defendants offered under their plea of not guilty to prove by parol evidence the facts alleged in their special plea as will be hereinafter more fully shown. The court excluded the evidence so offered.

The trial resulted in a judgment for the plaintiffs and the defendants appealed to the Court of Civil Appeals. That court, on the facts set out in said certificate, certified for answer the following questions:

"Question 1. Did the trial court err in sustaining the special exception to appellants' special answer, as copied above?"

"Question 2. When the proponent of a deed executed by a county judge, purporting to convey lands belonging to a common school district, specially pleads that the Commissioners' Court duly passed an order authorizing the sale, fixing the terms of sale and transfer, and directing the county judge to execute the deed, but also specially pleads that such order was not of record in the minutes of the Commissioners' Court, under Article 2276, Vernon's Complete Statutes, is it permissible to prove by parol evidence that such order was duly passed by the Commissioners' Court, over the objections that orders of the Commissioners' Court directing the sale of land belonging to a common school district can be shown only by its minutes, and when it is affirmatively shown that such orders were not on the minutes of the court, parol evidence is not admissible to show that such orders were made and passed?"

"Question 3. We have set forth in our certificate the parol evidence offered by appellants to show that the Commissioners' Court duly passed the orders necessary to sustain the deed from the county judge to Stovall. Did the trial court err in excluding this evidence?"

The Revised Statutes of 1895 in force at the time Ford and wife conveyed the acre of land sued for to the county judge of said county so far as specially applicable to the issues herein, provided that all conveyances of property for the benefit of the public schools of any school district, should, when not otherwise directed by the grantor, vest said property in the county judge as trustee for those to be benefited thereby. Art. 3909. By the terms of said statutes in case of the erection of a new school house "a suitable piece of land shall be donated as a site and a deed therefor shall be executed and delivered conveying a good and sufficient title in fee simple in and to such land to the county judge and his successors in office in trust for public free school purposes." Art. 3984. Said statutes by article

3990 thereof which has remained unchanged until the present time and is still in force, provided for the sale of school property, as follows:

"The trustees of any school district, upon the order of the Commissioners' Court, prescribing the terms thereof, when deemed advisable, may make sale of any property belonging to said school district, and apply the proceeds to the purchase of necessary grounds or to the building or repairing of school houses, or place the proceeds to the credit of the available school fund of the district."

Under said statute the deed of Ford and wife to the county judge of said county vested in him and in his successors in office in their official capacity, only, a naked legal title to said land. It vested in the public schools of said district subject to the control of the regularly constituted school officers thereof the whole beneficial use or equitable title thereto. To render the deed of the county judge effective to convey a fee simple title to said land the conditions required by said statute for the sale and conveyance of school property had to be complied with. The pleadings of the defendants set out in detail and alleged compliance with such requirements. The gist of plaintiffs' propositions in support of the rulings of the trial court in sustaining their exception and striking out defendants' special plea is that in a collateral proceeding, such as this, the order of the Commissioners' Court declaring the sale of school property advisable and prescribing the terms of such sale must be proved by the written minutes of such court and that when, as in this case, it is admitted that such order was never reduced to writing or entered on the minutes of the court, parol proof is not admissible to show that such action was taken by said court and that the deed of the county judge of Liberty County to defendants' predecessor in title was therefore conclusively shown to be unauthorized and void and ineffectual to convey to the grantee therein any title whatever to said land.

The statute at the time of this transaction with reference to recording the action of Commissioners' Courts in the minutes thereof was as follows:

"The court shall cause to be procured and kept in the clerk's office suitable books in which shall be recorded the proceedings of each term of the court, which record shall be read over and signed by the county judge, or the member of the court presiding at the end of each term and attested by the clerk." R. S. 1895, Art. 1554.

The Court of Civil Appeals in its certificate in this case states that it considers that there is an irreconcilable conflict between the authorities in this State upon the issue under consideration. Counsel for both plaintiffs and defendants concede that such conflict is more apparent than real, but counsel for each side insist that the true interpretation of such authorities sustains their respective contentions.

113 Tex.—8.

The leading case is Ewing v. Duncan, 81 Texas, 230, 234-5, 16 S. W., 1000. That case involved the validity of an election held in Floyd County for the selection of a county seat. To show that such election was unauthorized and void, among other things it was averred that no order to hold the same was made or entered on the minutes of the Commissioners' Court and that said minutes showed that no order was ever made.

A demurrer to the petition was sustained and the case dismissed. On appeal, in discussing the sufficiency of the petition on this point, the Supreme Court, speaking through Chief Justice Gaines, said:

"We take the averment then to be that no order directing and fixing the time for the election was ever entered upon the minutes of the Commissioners' Court. It is averred also that the election took place on the 28th day of May, 1890, and in the absence of an allegation to the contrary it would be presumed that it was held in pursuance of an order by some officer or body having power to make it. If the order was in fact passed by the Commissioners' Court and there was a failure to enter it upon the minutes, would that render the election void? We think not. The statute provides that a record shall be made of the proceedings of the Commissioners' Court. Rev. Stats., arts. 1527, 1528. In reference to the orders of the County Court in reference to estates of deceased persons, etc., it also provides that all orders shall be recorded and that any supposed order not entered of record shall be a nullity. Rev. Stats., Art. 1802. There is no such provision with reference to the orders of the Commissioners' Court. Accordingly it was held by this court in Brown v. Reese, 69 Texas, 589, that an order of the Commissioners' Court may be proved and given effect although it has never been entered upon the minutes of the court. See same case, 67 Texas, 318. We conclude that the fact that no order appears upon the minutes of the Commissioners' Court of Crosby County directing and fixing the time of the election does not authorize us to hold the election void."

The case of Brown v. Reese, 69 Texas, 589, 7 S. W., 489, referred to in the above quotation from the case of Ewing v. Duncan, was a suit for mandamus to compel the issuance of a draft on the county treasurer in favor of a school teacher for the amount of a school voucher which he claimed had been audited and allowed by the Commissioners' Court. There was no entry on the minutes of said court showing such action. The following indorsement appeared on the back of the voucher: "August 13, 1883. The court find $291.31 due on this claim. James Brown, County Judge." The plaintiff was permitted to prove by parol that no book was kept for the entry of claims for vouchers audited and allowed; that such action was evidenced only by indorsement on the back of the voucher or claim so acted upon, the court believing that in sitting as an auditorial board on school

claims it was not contemplated that any entry of its action should be made on the books kept by it for the record of its proceedings in the transaction of its ordinary business. The plaintiff was further permitted to prove by parol that his said voucher was filed in the Commissioners' Court for audit, that the court allowed the claim and that the county judge, under its direction, made the indorsement above quoted thereon. The Supreme Court, in an opinion by Chief Justice Stayton, sustained the action of the trial court in admitting such evidence and awarding the relief sought and affirmed the case. In the course of the opinion reference is made to the opinion of that court on a former appeal of the same case (Brown v. Reese, 67 Texas, 318, 3 S. W., 292) with the explanation that the indorsement of the county judge on the back of the voucher in question was not sufficient to show that such claim had been audited and that nothing was shown in the record on such former appeal except such voucher and the indorsement thereon.

The case of Waggoner v. Wise County, 17 Texas Civ. App., 220, 43 S. W., 836, 839, was decided by the Court of Civil Appeals for the Second District. Wise County sold its county school lands to W. F. Waggoner and J. G. Halsell on January 23, 1883, retaining a vendor's lien to secure a note executed and delivered to said county by the purchasers in payment therefor, due ten years after date, for the sum of $32,309.60. The land passed by successive conveyances to David Jamison who assumed the payment of said note. After the maturity of said note David Jamison executed and delivered to said county a new note due five years after date in the same amount as the original. This note recited that it was given in lieu of said original note. Such arrangement between Jamison and said county was consumated orally but with the Commissioners' Court in actual, open and regular session, all the members thereof being present and voting and all voting for such settlement except one. Jamison failed to pay said note and the county sued on the original note given to it by Waggoner and Halsell and assumed by Jamison. Defendants other than Jamison pleaded as a defense the action of the Commissioners' Court above set out, and claimed that such action relieved them from liability on the original note. The county contended that such defense was not available, among other reasons because such action of the Commissioners' Court was oral and no record thereof was entered on the minutes. The Court of Civil Appeals held that such action of the Commissioners' Court was valid and permitted the same to be proved by parol. Writ of error was refused by the Supreme Court.

The rule announced in the authorities above cited with reference to parol proof of the action of the Commissioner's Court in the absence of any entry of such action on the minutes has been followed by the Courts of Civil Appeals in the following cases: Karnes County v.

Nichols, 54 S. W., 656; Fayette County v. Krause, 31 Texas Civ. App., 569, 73 S. W., 51, 53; Jackson-Foxworth Lumber Co. v. Hutchinson County, 88 S. W., 412; Marshall v. Simmons, 159 S. W., 89, 91; Rankin v. Noel, 185 S. W., 883, 885. We do not find that any of these cases have been reviewed by the Supreme Court.

The Court of Criminal Appeals, in Lillard v. State, 53 S. W., 125, held that the failure of the county judge or member of the Commissioners' Court presiding, to sign the minutes at the close of a session thereof did not affect the validity of orders entered on the minutes at such session.

The Circuit Court of Appeals for the Fifth Circuit in the case of Slaughter v. Mallett Land & Cattle Co., sustained an order of the Commissioners' Court of Edwards County, Texas, authorizing the county judge of said county to make a lease of its school lands and to contract therein that the lessee should have a preference right to buy upon parol evidence by the county judge that such order was made by the court, but through some oversight, was not entered on the minutes. That court cited Waggoner v. Wise County, *supra,* as authority for such holding. 141 Fed., 282, 291. The Supreme Court of U. S. denied a petition for writ of *certiorari.* 201 U. S., 646, 50 L. Ed., 903.

While there is considerable conflict between the decisions of the courts of other states on the issue under consideration, the following cases support the rule announced in the Texas cases above cited: County of Franklin v. Layman, 145 Ill., 138, 145-6, 33 N. E., 1094; County of Vermilion v. Knight, 1 Scammon (Ill.) 97, 99, 101-2; Duluth, etc. Ry. Co. v. Douglass County, 103 Wis., 75, 78-9, 79 N. W., 34; Lockyear v. Board of Commissioners, 180 Ind., 464, Ann. Cas., 1916B, 1033, 103 N. E., 100; Power v. May, 123 Cal., 147, 151-2, 55 Pac., 796; San Louis Obispo County v. White, 91 Cal., 432, 436-7, 24 Pac., 864, 27 Pac., 756; Central Irrigation District v. De Lappe, 79 Cal., 351, 358-9, 21 Pac., 825; People v. Cole, 70 Cal., 59, 11 Pac., 481; Jordon & McCallum v. Osceola County, 59 Iowa, 388-9, 13 N. W., 344; Tatlock & Wilson v. Louisa County, 46 Iowa, 138, 140; Green v. Lancaster County, 61 Neb., 473, 480-1, 85 N. W., 439; Ragoss. v. Cuming County, 36 Neb., 375, 54 N. W., 683; Sims v. Milwaukee Land Co., 20 Idaho, 513, 524, 119 Pac., 37; State v. Commissioners Pratt County, 42 Kan., 641, 645-6, 22 Pac., 622; Chicago, K. & W. Ry. Co. v. Board of Commissioners, 36 Kan., 121, 12 Pac., 593. See Dillon on Municipal Corporations, 3rd Ed., sec. 300.

The rule is necessarily different when an order is required by the terms of a special statute to be entered of record or where a general statute declares such order shall be void unless recorded. Whitaker v. Dillard, 81 Texas, 359, 362, 16 S. W., 1084; Green v. Lancaster

County, *supra;* Lockyear v. Board of Commissioners, *supra;* Dillon on Municipal Corporations, *supra.*

We will briefly review some of the cases relied on by plaintiffs to sustain their contention. The first case cited by them is Brown v. Reese, 67 Texas, 318, 3 S. W., 292, already referred to in connection with the opinion of the Supreme Court on a second appeal of said case. The opinion of the Supreme Court on the first appeal was written by Justice Gaines. In the course of the opinion he said in substance that the best evidence of the judgment of the Commissioners' Court is the record thereof, or a certified copy of such record; that a certified copy of an order never reduced to writing cannot be given; that while the indorsement on the voucher in that case constituted evidence tending to show that the Commissioners' Court had audited and allowed the claim and might probably be used as evidence in a proceeding to have such order entered *nunc pro tunc* it was not sufficient in itself to prove such action; and that conclusive proof of the allowance of the claim represented by such voucher could be afforded only by an order duly entered on the minutes of the court. If we consider that the learned judge, in speaking of an order on the minutes of the Commissioners' Court as the only conclusive proof of its action meant to distinguish between the proof of such action by an unimpeached record of such court and the proof of such action by parol, which is always disputable, we see nothing in such opinion in conflict with the rule announced by that court in the later case of Ewing v. Duncan, *supra,* which opinion was also written by Justice Gaines.

The case of Polly v. Hopkins, 74 Texas, 145, 11 S. W., 1084, cited by plaintiffs was a suit by certain tax payers to enjoin the erection of a jail and the issuance of interest-bearing bonds in payment therefor. It was brought against E. E. Polly, county judge, and S. N. Pickens, the agent of the corporation with whom the county judge had made the contract complained of. There were no other parties defendant. The petitioners alleged that the action of the county judge, in the execution and delivery of said contract, was fraudulent and was without authority and in defiance of the express action of a majority of the members of the Commissioners' Court of said county duly entered on the minutes thereof, to which reference was made, and that no order for the construction of such jail had been made by the court. The defendants interposed a general demurrer which was overruled. There was a hearing in the trial court on the merits and a temporary injunction theretofore granted, was sustained and perpetuated.

The case was appealed by the defendants. The Supreme Court in its opinion in the case held that the county Commissioners' Court alone had power to authorize a contract for the building of a jail

and that in the absence of such authority the contract alleged to have been made by said county judge imposed no obligation, express or implied, and·that in as much as plaintiffs' petition denied any semblance of power in the county judge to make such contract or to issue such bonds the general demurrer of the defendants should have been sustained. The judgment of the trial court was reversed and the cause remanded to the District Court for another trial.

The facts adduced at the trial of said case were not stated by the court in its opinion. Since counsel for plaintiffs and defendants differ as to the construction to be placed upon the opinion of the court in that case we have examined the record thereof on file in the office of the clerk of the Supreme Court. We find that on the trial of the case the minutes of the Commissioners' Court were produced and that such minutes showed that said court convened on the 16th day of June, 1888 with Samuel Pollard, G. C. Aikens and J. H. Anderson, commissioners, present, the said Samuel Pollard presiding, and that the following order was entered on the minutes at that time:

"It is ordered by the court that S. N. Pickens be notified that Hemphill County has decided to erect a permanent jail and that this court will meet on the 29th day of June, 1888, to make the contract for the same and request said Pickens to be present."

It was shown by said minutes that said court thereafter at the same session made the following order duly entered thereon:

"It is ordered by the court that the previous order to build a permanent jail be and the same is hereby rescinded."

It was further shown from said minutes that a called meeting of the Commissioners' Court of said county was held on the 22nd day of June, 1888, and that the defendant, E. E. Polly, county judge, was present and presiding and that Sam Pollard, G. C. Aiken, J. H. Anderson and George Simpson, commissioners, were also present. The following entries upon said minutes were then introduced.

"It is ordered by the court that the time for closing contract for building jail with S. N. Pickens be and the same is hereby changed from the 29th day of June to the 22nd day of June, 1888; and further,

"It is ordered by the court that E. E. Polly, County Judge, be and he is hereby authorized to sign contract to build jail in Hemphill County; and again,

"It is ordered by the Court that B. M. Baker, Co. attorney, be and he is instructed to examine contract to build jail submitted to S. N. Pickens; and again,

"It is ordered by the court that S. N. Pickens is hereby required to give bond in the sum of thirteen thousand dollars for the fulfillment of his contract to build jail in Hemphill County."

There was also introduced in evidence a contract dated 22nd day of June, 1888, for the building of a jail, which contract was signed by the Pauley Jail Building & Manufacturing Co., by S. N. Pickens, agent, and by E. E. Polly, county judge, purporting to act under order of the Commissioners' Court of that date. It bore a place for signing by members of the Commissioners' Court but none of the commissioners had signed the same. The bond called for in said orders was shown to have been executed, delivered and approved. The testimony showed that said contract was signed in the commissioners' court room and in the presence of all the members of the court except commissioner Anderson, who claimed to have left before the vote was taken. The trial court, in the exercise of its discretion, called the four commissioners to the stand and examined them; in the course of which examination it was further shown that commissioners Aiken and Simpson voted for the contract and commissioner Pollard against the same. Commissioner Simpson testified that he was absent at the meeting of the Commissioners' Court on June 16, 1888, and that at the meeting of the court on June 22, 1888, he was told by the county judge that the order made on June 16 to build said jail had never been rescinded but was still in force and that he did not know that the order had been rescinded at the same term of the court at which it was passed and that if he had known it had been rescinded he would have voted against said contract at said meeting on June 22. There was no attempt to show any action or order of the Commissioners' Court except by the minutes thereof. The proof of an order of the Commissioners' Court by parol when no such order appeared on the minutes, was not involved in the case. When read in the light of the facts shown by the record, that part of the opinion in that case which says that "one dealing with a county for the erection of a public building could not rely upon the acts or declarations of a county judge as to his power to make a contract for that purpose nor as to his power to issue bonds to pay for the building, but would have to look to the minutes of the county Commissioners' Court to ascertain whether that body had directed the building to be erected, determined its plan and authorized a given contract to be made," and that part of the same which says that "what the county Commissioners' Court did toward authorizing the contract to be made should be determined from the proceedings as found in its minutes" and that the facts which may have influenced the vote of one or more of the commissioners is an irrelevant inquiry, "are shown to have no application whatever to the issue here under consideration by this court. The opinion in that case was written by Chief Justice Stayton and we are not justified in assuming that he meant by any of the language used therein to question or overrule the holding in the prior case of Brown

v. Ruse, in which case he had, a short time before, written the opinion of the court.

Gano v. Palo Pinto County, 71 Texas, 99, 8 S. W., 634, cited by plaintiffs in support of their contentions was a case in which a contract had been made by said county with Veal, Haynes and Caruthers to survey, divide, classify and map the Palo Pinto County school lands, for which services the county agreed to convey to them one-fourth of the land. The only evidence of the contract was an order entered on the minutes of the Commissioners' Court of said county. The contract was assigned by said parties to Gano and Sons, who performed the services and demanded the compensation therein stipulated. The county refused to convey the land. Gano and Sons then brought suit to recover such interest in the land or in the alternative to recover the reasonable value of their services. A former trial in the District Court resulted in judgment in favor of Gano and Sons for $864.00. On appeal the contention of the county that the contract involved a personal trust and confidence in the parties with whom it was made, and that it could not be assigned and the services stipulated therein performed by another without the consent of said county was sustained and the case reversed and remanded. 60 Texas, 250. Gano and Sons then amended their petition and set up that when the contract was entered into with the Commissioners' Court said court knew that Veal, Haynes and Caruthers had no personal fitness to perform the work; that they expected to employ competent persons to do it, and that the contract was made by the county with them with that understanding; but that by inadvertance in entering the order upon the minutes of the court, the clerk made a mistake and omitted so much of the agreement as authorized the contractors to employ a substitute. The trial court sustained a general demurrer and Gano and Sons appealed. On said second appeal in sustaining the action of the trial court, the Supreme Court said that the Commissioners' Court is a court of record and speaks through its minutes and not by the mouth of the members of the body; that the proper method to amend the minutes when they fail to speak the truth is by motion made in that court and not by allegation and proof in another tribunal in which a litigation concerning its order may arise; and that while the orders of the Commissioners' Court may constitute a contract, it does not follow that the proper mode to reform it is not by motion in the court where entered to correct the minutes so as to represent truly the orders as passed by the body.

The real issue decided by the court in such opinion was not the proof of an action of the Commissioners' Court which was duly had, but of which no entry at all was made on its minutes, but was the correction or amendment of an order of such court purporting on its face to be complete and actually entered on the minutes of the court.

Commissioners' Courts in Texas are courts of record and as such have control over their own records. They have inherent power to correct and amend such records and the same. can be altered or changed only by the order of such court itself. 15 C. J. p. 467, sec. 120; id. pp. 974-5, secs. 392 and 395; Dillon on Municipal Corporations, 3rd Ed. sec. 299. The holding of the Supreme Court in Gano v. Palo Pinto County, *supra,* is in accord with the rules announced in Corpus Juris in the sections cited and the opinion of the court in that case has been followed by the Court of Civil Appeals for the 7th district in the case of Potter County v. Boesen, 191 S. W., 787, 789.

Plaintiffs cite the case of Ball, et al, v. Presidio County, 88 Texas, 60, 64, 29 S. W., 1042. The Commissioners' Court of Presidio County had by a proper order dated February 9, 1886, and duly entered on its minutes, authorized and directed the issuance of 86 interest bearing bonds of said county of the denomination of $1000.00 each, to pay for the erection of a court house and jail. The order specified that the bonds should bear even date with the respective contracts for the erection of said buildings. The full number of bonds so authorized were actually issued and delivered for the purposes contemplated. Some ten months later the Commissioners' Court of said county, for the purpose of furnishing the court house and installing a water system for said court house and jail, issued and delivered ten additional bonds all dated December 6, 1886, and numbered 87 to 96 inclusive, each for the sum of $1000.00 and each reciting in its face that it was issued in pursuance of said order of the Commissioners' Court of February 9, 1886. Ball Hutchings & Co., held some of said bonds and claimed to be innocent purchasers thereof and entitled to enforce payment of the same as such.

The Supreme Court in its opinion in that case said that when the power to issue the bonds of a county has been by the Legislature conferred on the Commissioners' Court, as in case of court house and jail bonds, such power can not be exercised except by an order of court duly made and evidenced by the minutes of the court, and cited Brown v. Reese, 67 Texas, 318, and Polly v. Hopkins, *supra,* as authority for such holding. The court then proceeded to discuss the issue of innocent purchaser and held in effect that such holders of said bonds by the recitals therein and by the law applicable in such cases were put on inquiry and that such inquiry, if pursued, would have disclosed that the order of February 9, 1886, under which said bonds purported to have been issued had been exhausted by the actual issuance and delivery of all the bonds authorized thereby, long before the bonds involved in said suit were issued.

There was no attempt to support the validity of said bonds by parol proof that an order for their issuance was duly presented, considered, voted upon and regularly passed by said Commissioners'

Court in session and that such order was through neglect or inadvertence, omitted from the minutes. Such contention would have been contradictory of the recitals in the face of said bonds. We have already shown that the cases of Brown v. Reese and Polly v. Hopkins, *supra*, do not sustain the proposition that no action of a Commissioners' Court can be shown in evidence except by the minutes of that court. The case of Waggoner v. Wise County, *supra*, holds the converse of such proposition. That case was decided and writ of error refused therein by the Supreme Court some two years after the case of Ball v. Presidio County just reviewed was decided. We are therefore unwilling to construe the latter case as overruling the cases of Ewing v. Duncan, *supra*, and of Brown v. Reese, 69 Texas, 589, or as requiring us to sustain plaintiffs' contention with reference to proof by parol of the passage of the order here under consideration. We think plaintiffs' contention is against the established rule in this state as to such orders and that the order of the Commissioners' Court of Liberty County in the matter of authorizing the sale of said land and prescribing the terms of such sale, was valid and that in the absence of any entry concerning the same on the minutes of that court, it could be proved by parol.

We, therefore, answer the first and second questions certified, as follows:

(1) The trial court erred in sustaining plaintiffs' special exception to said special plea of the defendants.

(2) When the proponent of a deed executed by a county judge purporting to convey lands belonging to a school district specially pleads that the Commissioners' Court duly passed an order authorizing the sale of such land and fixing the terms of such sale and directing the county judge to execute such deed but also specially pleads that such order was never recorded in the minutes of said court, he may prove by parol evidence that such order was in fact duly made and passed by said court, over the objection of the opposite party to the suit that such an order of said court can be shown only by the minutes thereof and that proof thereof cannot be made by parol.

Defendants, on the trial of the cause, offered in evidence the said deed from T. C. Crane, county judge, to G. J. Stovall, conveying the one acre of land sued for herein. In connection therewith they offered to prove by their witness, Frank Abshier in substance that he was a member of the Commissioners' Court of Liberty County at the time of said transaction; that L. Carr and S. M Stovall, two of the trustees of said common school district, appeared before said court in session and advised said court that the trustees of said district desired to make a sale of said land and that the same was not at that time used for a school site; that they asked the Commissioners' Court to pass an order authorizing such sale and fixing the terms thereof;

that at that time there was an order of the Commissioners' Court duly passed authorizing the sale of said land for a consideration of $10.00 cash, and that the same was deemed a fair and adequate consideration therefor and that the county judge was authorized to make a deed.

Defendants further offered to prove by their witness, G. J. Stovall, the grantee in said deed, that he agreed with the trustees of said common school district to purchase said land from said district at the price of $10.00 and that the said trustees advised him that they could not close the deal until they got an order from the Commissioners' Court authorizing the sale; that they subsequently notified him that they had secured such order; that he closed the deal with them and procured said deed from the county judge and paid to said L. Carr the $10.00 consideration named therein.

Defendants further offered to prove by their witness, L. Carr, in substance that he was a member of the Board of Trustees of said common school district and that in pursuance of a resolution on the part of said board of trustees he, in company with S. M. Stovall, another member of said board, appeared before the Commissioners' Court and stated to said court that they desired to sell said one acre of land and requested such court to authorize the conveyance of said land and to prescribe the terms of sale; that in pursuance of such request the Commissioners' Court of Liberty County, Texas, in session, passed an order authorizing the sale and transfer of said land for the consideration of $10.00 and authorized T. C. Crane, county judge of said county, to execute a deed therefor; that he, as a member of said board of trustees and for said board and in obedience to the resolution thereof and said action of the Commissioners' Court, requested the said county judge to execute and said county judge did execute and deliver said deed to the said Stovall; that said Stovall paid the $10.00 consideration agreed upon and that witness delivered said $10.00 to said Crane as county judge and *ex officio* superintendent of schools of said county.

Plaintiffs objected to the introduction of said deed and also all the evidence of said several witnesses so offered as aforesaid, on the ground in substance that the action of the Commissioners' Court of Liberty County in approving such sale, prescribing the terms thereof and authorizing the county judge of said county to execute and deliver a conveyance of said land to the purchasers, could not be proved by parol evidence but could be proved only by a written order duly passed and entered on the minutes of said court and that the deed so offered in evidence was, therefore, void and ineffective to pass any title to the land sued for to the purchaser thereunder.

The court sustained all such objections and excluded said deed and said parol evidence offered in connection therewith.

Under the authorities above cited, the court erred in excluding the parol evidence so offered and we answer the third question certified as follows:

(3)    The trial court erred in excluding the parol evidence offered by defendants in connection with said deed, executed by said county judge to said Stovall, to show that the Commissioners' Court passed the orders necessary to sustain the same.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,*
Chief Justice.