## RICHARDSON v. LIBERTY INDEPENDENT SCHOOL DIST. (No. 1868.)

Court of Civil Appeals of Texas. Beaumont. Oct. 30, 1929.

Defendant in Error's Rehearing Denied Nov. 1, 1929. Plaintiff in Error's Rehearing Denied Dec. 18, 1929. Dissenting Opinion Jan. 16, 1930.

See, also, 300 S. W. 188.

Stevens & Stevens, of Houston, for plaintiff in error.

J. F. Dabney, of Houston, for defendant in error.

J. B. Morris, of Beaumont, amicus curiæ.

WALKER, J. This is an appeal by writ of error, but the parties will be referred to as appellant and appellee. Appellee, Liberty independent school district, which includes the town of Liberty, instituted this suit against appellant, J. F. Richardson, to recover certain delinquent taxes claimed by appellee against appellant and to foreclose its tax lien against the real property against which the taxes had been assessed. A part of this property is situated wholly within the town of Liberty; the balance, consisting of 684 acres, is situated within the bounds of Liberty independent school district, but wholly outside of the bounds of the town of Liberty. Appellee's pleadings were regular, and on their face stated a cause of action against appellant for the amount of taxes sued for. It is not necessary to summarize the issues raised by appellant's pleadings, but it is sufficient to say that all propositions raised by appellant have their basis in his answer. The trial was to the court without a jury and resulted in a judgment in appellee's favor for $669.72 with foreclosure of tax lien, as prayed for.

Appellee's motion to strike the statement of facts because not duly filed, as required by article 2246, Rev. St. 1925, is overruled. The term of court at which the case was tried adjourned on the 25th of October, 1928. The statement of facts was filed in the trial court the 7th of March, 1929. No order of extension was ever granted by the trial court for the filing of the statement of facts, and, in approving the statement of facts, the trial judge did not order it filed. On a similar statement, though the appeal was by writ of error as in this case, we held in White v. Taylor, 11 S.W.(2d) 374, construing article 2246, that the statement of facts was improperly filed, and struck it from the record on

motion of defendant in error. In that case writ of error was granted by the Supreme Court, on the ground that we were in conflict with the holdings of other Courts of Civil Appeals. But in that case we did not have before us the proposition that appellee (defendant in error) had waived his right to have the statement of facts stricken by his failure to file his motion to strike within 30 days after filing of the transcript in this court. At least, our opinion does not show that such a motion was called to our attention, and the record not now being before us, but in the Supreme Court, we conclude that no such proposition was in the case. In the case at bar appellee's motion to strike was not filed until June 12, 1929, after the filing of the transcript and statement of facts in this court on the 18th of the preceding March. In answering appellee's motion to strike, appellant says, citing rule 8 for the guidance of Courts of Civil Appeals, that the motion came too late. Rule 8 is as follows: "All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party." Citing authority and construing this rule in Golden West Oil Company No. 1 v. Golden Rod Oil Company No. 1, 285 S. W. 627, Judge Buck, speaking for the Fort Worth Court of Civil Appeals, held that the rule was controlling and a motion to strike statement of facts, on all fours with the facts of this case, filed more than 30 days after the filing of the transcript, came too late.

Appellant's first proposition is that all the delinquent taxes sued for were barred by the statute of two years' limitation. Both by appellee's petition and by the statement of facts it appears that all the taxes sued for were delinquent more than two years at the time the suit was filed. In support of this proposition appellant cites, as controlling, State for Dallas County Bois D'arc Island Levee District v. Glenn, 13 S.W.(2d) 337. In that case, answering certified questions, the Commission of Appeals held that delinquent taxes due a levee improvement district were within the bar of the statute of limitations of two years. But that case is not in point on taxes due an independent school district. The Constitution of Texas imposes upon the Legislature the duty "to establish and make suitable provision for the support and maintenance of an efficient system of public free schools," article 7, § 1; and vests the Legislature with power to raise revenues by taxation for "the support of public schools," article 3, § 48. The Legislature has discharged this duty by creating, through statutory enactments an adequate system of public schools by providing for the division of the state into a system of school districts properly officered and placing the state school system under the supervision of a state superintendent of public instruction and a state school board. By article 7048, Rev. St. 1925, the Legislature, in an effort to execute effectively its constitutional duty in maintaining a system of public free schools, has empowered the commissioners' courts "to levy a special tax for the further maintenance of public free schools." All powers possessed by school districts have been delegated by the Legislature. But many of the prerogatives relating to the public free school system are still retained by the Legislature itself, such as prescribing the ages of pupils entitled to the benefits of public free schools, requiring compulsory attendance, etc. It is thus made clear that counties and school districts, whether independent or common, are mere agencies of the state exercising delegated powers for the discharge of a state constitutional function. Taxes due counties and school districts, levied for the maintenance of a system of public free schools, are due to them as agencies of the state and in their legislative purpose are, in legal effect, taxes due the state. Construing article 7, § 1, in Webb County v. Board of School Trustees of Laredo, 95 Tex. 131, 65 S. W. 878, 880, Mr. Chief Justice Gaines said that section 1 of article 7 "devolves the duty of establishing and maintaining public free schools upon the legislature, and shows that the function of such establishment and maintenance was to be performed by state agencies." In that case Judge Gaines said further that the constitutional fund intrusted to counties for the further support of the public free schools "was to supplement the portion of the general available fund of the state," and that "the counties are mere trustees, and the public free schools are the beneficiaries." If the counties, in administering their public free school funds are "mere trustees," then certainly school districts, in administering their public free school funds, are "mere trustees." In Dallas County v. Land & Cattle Company, 95 Tex. 200, 66 S. W. 294, the Supreme Court, discussing the constitutional relation of a county to its public free school lands and funds committed to the control of the county, drew a distinction between the county in its ordinary capacity and its capacity as trustee. In Railway Company v. Travis County, 62 Tex. 18, it was held that limitation did not run against counties where the state was substantially "interested in, and vested with, the right and ownership of the subject-matter in litigation," but that in all other classes of cases the statute operated against counties. In Delta County v. Blackburn, 100 Tex. 51, 93 S. W. 419, on the principles just discussed, the Supreme Court held that the state was "substantially interested" in the proceeds of the sale by a county of its school land, and that notes given in payment thereof were not subject to the bar of limitation. We think the same principle should prevent taxes due an independent school district from being within the bar of the statutes of limitation, for the only function of such districts is that of "trustee" for the state.

Again, in their essential characteristics, there is a fundamental legal distinction between levee improvement districts and other corporations of that character and school districts, either common or independent. Levee districts and other districts of similar nature are called into existence by their citizenship for the promotion of their own local and private advantage without relation to the advantage of the balance of the citizenship of the state, while school districts are called into existence as a part of the government policy of founding a public school system free to all the inhabitants of the state entitled to its privileges. This distinction was drawn by the Supreme Court in Coleman v. Thurmond, 56 Tex. 514. Though this distinction alone does not take the taxes due an independent school district out of the bar of the statutes of limitation, it does clearly distinguish the case at bar from the Glenn Case, supra. Concluding our discussion of the proposition of limitation, it is our conclusion that taxes due an independent school district for the support and maintenance of its public free schools is in contemplation of the Constitution of the state of Texas due the state and within the protection of article 7298, Rev. St. 1925, which is as follows: "No delinquent tax payer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the State, or any county, city or town."

We sustain appellant's second proposition to the effect that the evidence was insufficient to show that an order was passed by the board of trustees of the Liberty independent school district levying taxes for the year 1925. An order so levying the taxes was introduced from the minutes of the board, but by oral testimony it was shown that this written order was prepared by counsel for appellee after the taxes sued for became delinquent and was not entered in the minutes until after the taxes became delinquent. A member of the board testified that there was a regular meeting of the board for the purpose of levying taxes for 1925, and that the board passed an order for that purpose. No written minute of that meeting was made at the time, and there was nothing on the minutes of the board to show that such a meeting was held until the entry of the order after the taxes became delinquent. There was no testimony that the order as entered on the minutes was in substance the order passed by the board. There was no showing that a quorum of the members of the board was present. Except the order written after the taxes became delinquent, the only testimony on this issue was as follows: W. D. Partlow testified for appellee: "I was a member of the Board of Trustees of the Liberty Independent School District during the year 1925, and was present when the school board made a levy of taxes for that year. The levy was made at a meeting of the board held at the place of business of J. S. Finley, fronting on the north side of the courthouse square, in the town of Liberty. I recall that it was warm weather, for some times we would sit out in front of his (Finley's) place on the sidewalk. J. S. Finley was a member of the School Board at the time. I do not recall who all of the members present were or whether they were all there at the meeting at that time. The levy was made some time during the spring or summer of 1925. I do not remember the date."

We agree with appellee that an order levying taxes need not be entered of record as of date of its passage, but may be proved orally and may be entered of record at a later date, provided there is proof that the order entered was in substance the order passed. Mecom v. Ford, 113 Tex. 109, 252 S. W. 491.

But appellee's order is defective for the reasons stated; that is, there was no proof that the order entered was the order passed, and there is no proof that a quorum was present. Geffert v. Yorktown Independent School District (Tex. Com. App.) 290 S. W. 1083, is decisive against appellee on the last proposition. Appellee would sustain its order on the proposition that appellant rested under the burden of showing that the taxes were not duly levied. Without deciding that question, but putting appellant under that burden, we think on the undisputed evidence the burden was met. Again, appellee says that the minutes affirmatively show a meeting of the board, a quorum present, and a blank page immediately following the minutes of that meeting. We cannot accept this construction of the minutes. The statement of facts is very meager, containing only five pages divided into 12 paragraphs.

Paragraph 2 is as follows: "For the purpose of showing that no legal assessment had ever been made of said property, the defendant introduced the minutes of the proceedings of the Board of Trustees of the Liberty Independent School District and showed that the only entry upon said minutes relative to any taxes for the year 1925, were the following: 'It is ordered by the Board of Trustees of Liberty Independent School District, of Liberty County, Texas, at regular meeting of said Board of Trustees on the Second (2nd) day of July, A. D. 1925, that a levy of taxes be and is hereby made on and against all taxable property in said school district, for the year 1925, of eighty (80¢) Cents on the One Hundred Dollar ($100.00) valuation of said property for general school purposes, including all lawful school purposes not provided for in the levy for sinking fund herein made; and that there be and is hereby made a levy of twenty (20) cents on the One Hundred Dollars valuation of the taxable property in said school district, on said property, as a sinking fund for the purpose paying the interest on the bonded indebtedness of said school district and creating a sinking fund with which to pay off and satisfy said bonded indebtedness according to the tenor and effect of the

bonds evidencing the same, as provided by law.' The defendant further proved by Mr. J. F. Dabney, the attorney for the plaintiff, that this purported levy of taxes was written by him some time during the year 1926, after he had been employed by the Board of School Trustees to bring suit for the taxes. It was further shown that this was the only order on said minutes relative to a levy of taxes."

Paragraph 10 is as follows: "The plaintiff offered in evidence the following from the top of page two of the minutes of the Board of Trustees, which page two immediately precedes page three wherein the resolution copie on pages one to two in paragraph two of this statement of facts appears. 'Members of the Board of the Liberty Independent School District. 1. A. W. Abshier, President. 2. Mrs. C. A. Chambers-Secy. 3. C. H. Cain. 4. J. S. Finley. 5. W. D. Partlow. 6. W. E. Collier."

This was all the evidence on the issue. Certainly it cannot be said that the entry of the names of the board of trustees in the minutes of the board had any relation to any particular meeting, or any meeting at all. The tax for the year 1925 amounted to $371.-20. As to this item the judgment of the trial court is reversed and the cause remanded for a new trial.

At the time of the creation of Liberty independent school district in 1917 (Loc. & Sp. Laws 1917, c. 12) the town of Liberty owed school bonds to the amount of $10,000. In 1924, by vote of the district, these bonds were assumed as a part of the indebtedness of the school district. Appellant attacks this action as void. The facts brought forward are not sufficient to review this assignment. However, as the taxes within this assignment are for the year 1925, the issue can be more fully developed upon another trial.

■■ Appellant's propositions 6, 7, and 8 are without merit; they are based upon the following facts: The act creating Liberty independent school district named three commissioners to prorate the bonds and indebtedness of the various districts. These commissioners, as named by the act, never attempted to perform this duty. Because the act appointed these commissioners, appellant insists that it was unconstitutional, and, because the commissioners never attempted to act, appellant insists that all tax levies for the support of the district were void. These contentions are without merit.

As stated above, the trial court's judgment, in so far as it affects the taxes due for the year 1925, is reversed, and the cause remanded for a new trial. The judgment against appellant for taxes for the other years involved is in all things affirmed.

Affirmed in part, and in part reversed and remanded.

HIGHTOWER, C. J. (dissenting). While I concur with the majority of the court that this case should be affirmed, I do not agree with the conclusion of the majority opinion wherein it is stated, as a matter of law, that the funds, after being collected by the independent school district under assessments from local taxes, belonged to the state. My view is that such funds collected from taxes levied by the district, together with the school buildings erected out of such funds, belonged to the school district and not to the State of Texas.